E-FILED
Monday, 27 December, 2004 03:14:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHARON JACKS,<br><br>        Plaintiff,<br><br>v.<br><br>CONAIR CORPORATION,<br><br>        Defendant. | )<br>)  Case No. : 04-2230<br>)<br>)  Judge Michael P. McCuskey<br>)  Magistrate Judge David G. Bernthal<br>)<br>)<br>)<br>) |

## CONAIR'S ANSWER
## AND AFFIRMATIVE DEFENSES

FILED
DEC 27 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Defendant CONAIR CORPORATION ("Conair"), by its attorneys Meckler Bulger & Tilson LLP, for its answer to Plaintiff's Complaint, states as follows:

### JURISDICTION

### Complaint ¶1

This Court has Jurisdiction pursuant to 28 U.S.C. 1331.

### Answer ¶1

Conair admits that this Court has jurisdiction of Plaintiff's Complaint.

### Complaint ¶2

This action is brought for a violation of the Family and Medical Leave Act, 29 U.S.C. 2611, et. seq.

### Answer ¶2

Conair admits that Plaintiff purports to allege a violation of the Family and Medical Leave Act, but denies committing any such violation.

## FACTS

### Complaint ¶3

On February 2, 1990, Sharon and Kenny Jacks were lawfully married in the County of Champaign, State of Illinois.

### Answer ¶3

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint.

### Complaint ¶4

At all times relevant to this Complaint, Kenny Jacks and Sharon Jacks were married and each other's spouse.

### Answer ¶4

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of Plaintiff's Complaint.

### Complaint ¶5

On or about May 29, 2003, Kenny Jacks suffered a serious injury.

### Answer ¶5

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of Plaintiff's Complaint.

### Complaint ¶6

Beginning on or about May 29, 2003, Kenny Jacks was unable to care for himself in light of his injury.

### Answer ¶6

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint.

**Complaint ¶7**

On or about June 3, 2003, Sharon Jacks completed a Certification of
Health Care Provider pursuant to the Family and Medical Leave Act of 1993.

**Answer ¶7**

Conair admits that, on June 3, 2003, Conair gave Plaintiff a certification of Health Care Provider Form to be completed by her husband's health care provider. Conair is without knowledge or information sufficient to form a belief as to if or when Plaintiff completed any portion of the form.

**Complaint ¶8**

On or about June 6, 2003, Mr. Kenny Jacks' physician, Dr. Kenneth
Kattner, at Central Illinois NeuroHealth Sciences, 1015 S. Mercer, Bloomington,
Illinois, faxed to Conair Corporation, a completed Certification of Health Care
Provider.

**Answer ¶8**

Conair admits only that, late in the day on Friday, June 6, 2003, a Certificate of Health Care Provider form, purporting to have been completed by a health care provider to Kenny Jacks, was faxed to Conair in Rantoul, Illinois.

**Complaint ¶9**

On or about June 8, 2003, Defendant, Conair Corporation, terminated
Sharon Jacks from employment.

**Answer ¶9**

Conair denies the allegations of Paragraph 9 of the Complaint. Further answering, Conair states that, effective June 10, 2003, Conair terminated Plaintff's employment because Plaintiff's refusal to heed Conair's instructions to report for work as scheduled on the afternoon of June 9 called for Plaintiff's third final warning in a year for attendance infractions under

3

Conair's attendance policy. That third final warning, in turn, required Plaintiff's discharge under the same policy.

## COMPLAINT

### Complaint ¶10

Defendant is a foreign corporation doing business in the State of Illinois and is subject to the Family and Medical Leave Act, (FMLA) including the requirements specified in 29 U.S.C. 2612.

### Answer ¶10

Conair admits that it is a Delaware corporation doing business Illinois and is subject to the Family and Medical Leave Act.

### Complaint ¶12 [sic][1]

Prior to June 2003, Sharon Jacks had not asserted any time off pursuant to the FMLA.

### Answer ¶12

Conair admits the allegations of Paragraph 12 of Plaintiff's Complaint.

### Complaint ¶13

During all relevant periods, Sharon Jacks was entitled to 12 work weeks of leave to care for her spouse.

### Answer ¶13

Conair denies the allegations of paragraph 13 of Plaintiff's Complaint.

### Complaint ¶14

Sharon Jacks' spouse had a serious health condition.

---

[1] Plaintiff's Complaint contains no Paragraph 11.

### Answer ¶14

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiff's Complaint.

### Complaint ¶15

Prior to June, 8, 2003, Defendant was aware Sharon Jacks claimed a leave of absence pursuant to FMLA.

### Answer ¶15

Conair denies the allegations of paragraph 15 of Plaintiff's Complaint. Further answering, Conair states that, prior to June 8, 2003, Conair knew only that Sharon Jacks had said she would miss some work for her husband and that Conair had given her an FMLA medical certification form to be completed and returned to Conair.

### Complaint ¶16

The Defendant, Conair Corporation, failed to give written notice of her requirement for a medical certification.

### Answer ¶16

Conair denies the allegations of paragraph 16 of Plaintiff's Complaint.

### Complaint ¶17

The Defendant, Conair Corporation, failed to provide at least 15 days for Sharon Jacks to provide the certification prior to terminating her.

### Answer ¶17

Conair denies the allegations of paragraph 17 of Plaintiff's Complaint.

### Complaint ¶18

The Defendant, Conair Corporation, did not a [sic] require a second opinion as to the medical certification provided by Sharon Jacks.

### Answer ¶18

Conair admits the allegations of paragraph 18 of Plaintiff's Complaint.

### Complaint ¶19

As a result, Sharon Jacks was terminated from her employment with Defendant, Conair Corporation.

### Answer ¶19

Conair admits only that Plaintiff's employment was terminated for the reasons stated in Conair's answer to Paragraph 9 of the Complaint. Conair denies that Plaintiff was discharged as a result of seeking any leave from work under the FMLA.

### Complaint ¶20

Sharon Jacks sustained losses resulting from her termination, including but not limited to wages, benefits, attorney fees and costs of said suit.

### Answer ¶20

Conair denies the allegations of paragraph 20 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim for which relief can be granted under the Family and Medical Leave Act ("FMLA"), since it fails to allege that Plaintiff was entitled to leave from work on the date, June 9, 2003, when she refused to work and thereby incurred dismissal under Conair's attendance policy.

2. Plaintiff's complaint is foreclosed because she was not entitled to FMLA leave from her shift on June 9, 2003, the date of the final absence which resulted in her discharge under Conair's policy.

3. Even if Plaintiff could plead and prove a violation of the FMLA, Plaintiff's recovery of any damages in this action is foreclosed or must be diminished because, on information and belief, Plaintiff has failed to mitigate her alleged damages.

4. Plaintiff in any event is not entitled to a recovery of liquidated damages, because Conair's actions involving Plaintiff were taken in good faith with reasonable grounds for believing they were not in violation of the FMLA.

WHEREFORE, Conair respectfully requests that the Complaint be dismissed in its entirety or that judgment be entered in favor of Conair and against Plaintiff, and that Conair be awarded such further relief as the Court deems just.

Respectfully submitted,

CONAIR CORPORATION

By: _s/J. Stuart Garbutt_
One of its attorneys

Date: December 22, 2004

Joseph E. Tilson, Lead Counsel
J. Stuart Garbutt
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel:   312/474-7900
Fax:   312/474-7898

N:\4161\pleading\answer.doc