**E-FILED**
Tuesday, 25 October, 2005 04:35:26 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| SHARON JACKS, | ) | |
| | ) | Case No. : 04-2230 |
| Plaintiff, | ) | |
| | ) | Judge Michael P. McCuskey |
| v. | ) | Magistrate Judge David G. Bernthal |
| | ) | |
| CONAIR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |


**DEFENDANT CONAIR CORPORATION'S MEMORANDUM IN**
**SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF'S**
**COMPLIANCE WITH DISCOVERY AND ASSESS SANCTIONS**

**I.     INTRODUCTION**

Sharon Jacks ("Plaintiff") has frustrated the ability of Defendant Conair Corporation

("Conair") to prepare its defense to this litigation by very belatedly furnishing incomplete,

inadequate, evasive and non-responsive written discovery responses which fundamentally

disregard the federal rules.  First, Plaintiff has refused to answer any of Conair's interrogatories

under oath, as required by Fed. R. Civ. P. 33(b)(2).  In addition, her unsworn answers are evasive

and nonresponsive as to both the merits of her claim and her alleged damages.  This is an action

under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§2611 *et seq.*, in which Plaintiff

alleges that Conair refused to grant her time off from work to which she says she was entitled

under the FMLA "to care for her spouse."  Instead of allowing her that time off, Plaintiff claims

that Conair discharged her for excessive absenteeism when she failed to report to work on June

9, 2003. At the heart of her claim, therefore, is whether Plaintiff's husband had an FMLA-

protected "serious health condition" necessitating Plaintiff's absence from work to care for him

on that day.  Yet, despite Conair's repeated entreaties, Plaintiff has refused to specify the nature

of her husband's serious health condition or the kind of "care" she was needed to provide for him. Plaintiff also has refused to adequately answer interrogatories asking her to specify the lost earnings and other damages she claims to have incurred. Accordingly, Conair must seek this Court's intervention requiring Plaintiff to comply with Conair's discovery requests.

## II.    FACTS

Nearly a year ago, Plaintiff filed this complaint alleging that Conair violated her rights under the FMLA when it discharged her rather than allowing her time off from work to care for her husband who allegedly could not care for himself as a result of a serious injury. See Docket Entry No. 1, Plaintiff's Complaint at ¶¶4-6, 13-14. After answering the Complaint (Docket Entry No. 5), and in accordance with the Court's scheduling order of February 9, 2005 (Docket Entry No. 12), Conair on February 23, 2005 served Plaintiff with interrogatories and document requests which, among other things, sought information regarding (1) the nature of Mr. Jacks' alleged serious health condition; (2) to what extent Mr. Jacks' required care on the day Plaintiff says she could not report to work; and (3) Plaintiff's damages and efforts to mitigate her damages. See attached Exhibit 1, Defendant's First Set of Interrogatories to Plaintiff and Exhibit 2, Defendant's First Request for Production of Documents. Plaintiff's responses were due March 25, 2005, but that date came and passed without any response.

Conair's counsel then proceeded to call and write Plaintiff's counsel, David Kleczek, regarding the outstanding discovery. During the next five months, Conair's counsel called, left messages and wrote to Mr. Kleczek no fewer than seven times inquiring when Conair could expect Plaintiff's responses and explaining that, absent her responses, Conair would be forced to file a motion to compel. See attached Exhibit 3, Affidavit of Yukyong Choi. For five months, Conair received no response from Plaintiff. Finally, on September 8, 2005, Mr. Kleczek called

2

Conair's counsel to say he would work on Plaintiff's responses that day.  See id. Mr. Kleczek

also stated that he was conducting needed legal research and was awaiting medical documents.

Conair asked that Plaintiff's responses be received no later than September 16, 2005. See id.

Conair finally received Plaintiff's written discovery responses on September 19, 2005.

See attached Exhibit 4, Plaintiff's Answers to Interrogatories and Exhibit 5, Plaintiff's

Responses to Request for Production of Documents. Those responses, however, were

fundamentally deficient.  Plaintiff's interrogatory answers were neither signed nor sworn to by

Plaintiff, in violation of Rule 33(b)(2).  See Exhibit 4. Moreover, her unverified answers

purported to object to certain requests, even though such objections were waived by Plaintiff's

failure to timely respond, and the objections were clearly without merit.  Also, to the extent

Plaintiff answered, most of her answers were evasive and incomplete.

## III.    PLAINTIFF'S INTERROGATORY RESPONSES VIOLATE THE RULES

The following chart summarizes Conair's Interrogatories to Plaintiff, Plaintiff's responses

to each, and the manner in which each response is evasive and/or incomplete:  See Exhibit 4.

3

| Conair's February 23, 2005 Interrogatories | Plaintiff' September 18, 2005 Response | Inadequacies of Response |
|---|---|---|
| **Interrogatory No. 2**.  Identify every person with knowledge regarding the allegations of your Complaint and state the substance of, and basis for, such knowledge. | Dr. Fletcher, Safeworks, 1806 N. Market, Champaign, IL 61822; Dr. Katner, Central Illinois Neuro Health Services, 1015 S. Mercer Ave., Bloomington, IL 61701; Dr. Nardo Buena, Provena Covenant Medical Center, 1400 West Park Street, Urbana, Illinois 61801; Department of Employment Security, 1307 North Matthis Avenue, Champaign, IL 61866; Tom Anderson, Caradco, 201 Evans Road, Rantoul, IL 61866. See attached medical records. Investigation continues. | Fails to state the substance of and basis for each person's knowledge. The medical documents attached do not reveal the identified individuals' knowledge regarding the plaintiff's claims that her absence on June 9, 2003 should have been excused. |
| **Interrogatory No. 4**.  State the factual basis supporting your claim that "Sharon Jacks' spouse had a serious health condition," as alleged in paragraph 14 of your complaint. | The factual basis is contained in Kenny Jacks' medical records and known by Mr. Jacks' physicians. | Fails to identify what specific records establish her husband's "serious health condition," much less indicate whether those records have been produced. |
| **Interrogatory No. 6**.  State the factual basis supporting your claim that "Kenny Jacks was unable to care for himself" as alleged in paragraph 6 of your complaint and the manner in which Kenny Jacks was unable to care for himself. | See attached medical records. Investigation continues. | Fails to explain what "attached medical record" reveals the factual basis for when and in what manner Plaintiff's husband was unable to care for himself at the time in question. |

4

| Conair's February 23, 2005 Interrogatories | Plaintiff' September 18, 2005 Response | Inadequacies of Response |
|---|---|---|
| **Interrogatory No. 8**. Did Kenny Jacks require care on June 9, 2003? If so: (a) state the factual basis supporting that claim; (b) state the manner of care Kenny Jacks needed; (c) identify every person who provided the care identified in 8b; and identify every person who possesses knowledge regarding your responses to 8a-c above and state the substance of, and basis for, such knowledge. | Objection. Vague, Plaintiff is unsure the nature and extent of the term "care" as used in this interrogatory. | Objection is untimely and waived. In any event, it is clearly not well taken and evasive. The term "care" appears in Plaintiff's own complaint and in the statutory provision on which she bases her claim. This interrogatory goes to the core of Plaintiff's claim and must be answered under oath. |
| **Interrogatory No. 10**. Identify any period of incapacity at any time, as a result of Kenny Jacks' alleged "serious health condition" referred to in paragraph 14 of your Complaint. | See attached medical records. Investigation continues. | None of the medical records identify any period of incapacity. |
| **Interrogatory No. 13**. Identify all damages you claim in this litigation. For each such category of damages claimed, identify the amount you claim is due and owing and the factual support or assumptions relied upon for each such calculation. | Investigation continues. | Evasive and non-responsive. |

5

| Conair's February 23, 2005 Interrogatories | Plaintiff' September 18, 2005 Response | Inadequacies of Response |
|---|---|---|
| **Interrogatory No. 14**.  To the extent not previously disclosed to Conair, identify all efforts you have made to secure employment (including self-employment or work as an independent contractor) since your employment with Conair ended including: resources you have used or consulted to locate job opportunities; prospective employers you have contacted including when you did so and the position you sought; jobs you have held including dates of employment, position held, and amount of remuneration including benefits. | Investigation continues. | Evasive and non-responsive. |
| **Interrogatory No. 15**.  To the extent not previously disclosed to Conair, identify all jobs (either as an employee or independent contractor) that you have held, for any period of time, since your employment with Conair ended and state the name of your employer, the person to whom you reported, the position you held, the duration of that employment, the compensation received and the reason that employment ended. | Loda Egg Farm, Loda, Illinois; Flex-n-Gate, Urbana, Illinois; Guardian West, Urbana, Illinois; Country Market, Champaign, Illinois; Century Restaurant, Rantoul, Illinois. See attached employment documents. Investigation continues. | Fails to identify the person Plaintiff reported to, the position held, the duration of the employment, the compensation received and the reasons she left.  The attached "employment documents" are not responsive.  One such document apparently referred to by the response does not name the employer, the position Plaintiff held or anything else.  A letter dated March 9, 2005 from Club 45 Banquet Hall does not identify the compensation Plaintiff received, her supervisor or other requested information. |

6

Attempting to resolve these deficiencies, Conair's counsel first called Plaintiff's counsel on September 21, 2005 and left a message seeking to discuss the matter.  See Exhibit 3.  Plaintiff's counsel did not return the call.  See id. Accordingly, Conair wrote Plaintiff's counsel on September 27, 2005, specifying some of the deficiencies in Plaintiff's interrogatory responses and asking that Plaintiff supplement her answers to comply with the Federal Rules. See id.  Conair's letter also requested that Plaintiff provide a HIPPA release by her husband so that Conair could subpoena medical records about his alleged "serious health condition" from his medical providers.  See id.  As of the date of this filing, Plaintiff has not responded in any way to either Conair's phone message or letter. See id.

Thus, Conair must seek this Court's assistance to compel Plaintiff to properly and adequately answer its discovery requests.  Plaintiff's answers are patently non-responsive and are calculated to frustrate Conair's ability to develop its defense in this case.  Nearly a year into this litigation, Plaintiff still keeps Conair in the dark as to such basics as (1) the nature of Mr. Jacks' alleged serious health condition, (2) how Mr. Jacks' required care by Plaintiff the day Plaintiff could not report to work, and (3) Plaintiff's alleged damages.  Moreover, Plaintiff refuses to provide a signed HIPPA release from Mr. Jacks to enable Conair to obtain the relevant medical information independently.

## IV.    LEGAL STANDARDS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim. … Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. … " Fed. R. Civ. P. 26(b)(1).  Permissible discovery encompasses matters that actually or potentially affect any issue in the litigation.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  If the

7

discovery appears relevant, the party objecting to the request bears the burden of showing why that request is improper. *See Rubing v. Islamic Republic of Iran*, 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004). This Court has broad discretion in matters relating to discovery, including whether to grant a motion to compel. *See Sattar v. Motorola, Inc.,* 138 F.3d 1164, 1171 (7th Cir. 1998). Evasive or incomplete discovery responses are treated as a failure to respond. Fed. R. Civ. P. 37(a)(3). Moreover, by failing to answer or object to the interrogatories within thirty days, the Plaintiff has effectively waived any and all grounds to object. Fed. R. Civ. P., Rule 33(b)(4); *U.S. v. 58.16 Acres of Land*, 66 F.D.R. 570 (C.D. Ill. 1975).

Plaintiff's belated and evasive discovery responses have seriously delayed the progress of discovery and caused Conair significant prejudice. As detailed in the table above, Plaintiff's evasive responses are not only unsworn but persist in shrouding the key issues in this case. Unlike the typical employment case, crucial information and documents in Plaintiff's case are in her exclusive possession and control. Plaintiff has had almost seven months to conduct legal research and gather necessary information. Plaintiff's own Complaint in its paragraphs 6 and 13 alleges that Plaintiff's husband needed her "care" because of his serious health condition. Based on those allegations, Plaintiff asserts that the FMLA authorized her absence from work on the day in question, *because* she was needed to "care" for her injured husband. Conair's Interrogatory No. 8 thus goes to the heart of Plaintiff's Complaint, using terminology no different than Plaintiff's own pleadings and the statute on which she relies. Under these circumstances, for Plaintiff to say she does not know the meaning of the term "care," and therefore cannot answer, is inexcusable.

Moreover, Plaintiff's response to Conair's Interrogatory No. 8 is improper because it is untimely and baseless. Her failure to timely object to the Interrogatory – if indeed it were

8

objectionable – waives the objection, as discussed above.  Similarly, Plaintiff's responses to Interrogatory Nos. 6, 10, 13, 14 and 15, stating simply that "Investigation continues," are improper.  Plaintiff now has had more than a year to "investigate" the bases for the claims asserted in her Complaint, and the Court has ordered that discovery proceed on her claims. Plaintiff's unjustified refusal to answer Conair's discovery therefore warrants not just an order compelling her to answer under oath.  It also warrants that she be assessed for Conair's reasonable attorneys' fees and costs.  Fed. R. Civ. P. 37(a)(4)(A); *Castillo v. St. Paul Fire & Marine Ins. Co.*, 938 F.2d 776, 779 (7th Cir. 1991).

## V.    CONCLUSION.

This is not a complicated claim and Conair's discovery requests are straightforward and well within the bounds of permissible discovery.  Yet Plaintiff has stonewalled them.  Conair has repeatedly tried to engage Plaintiff informally to resolve these matters, but has been met with her total refusal to cooperate.  Therefore, Conair respectfully requests the Court to order Plaintiff to properly respond to Conair's discovery requests and produce a HIPPA release from Mr. Jacks within 10 days of this Court's order.  Conair additionally requests this Court to require Plaintiff and/or her counsel David Kleczek to pay Conair's reasonable attorneys' fees and costs under Rule 37(a)(4)(A).

Respectfully submitted,

CONAIR CORPORATION


By: _____

Date:  October 25, 2005                              One of its attorneys

Joseph E. Tilson
J. Stuart Garbutt
Yukyong Choi

9

Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois  60606
Tel:    312/474-7900
Fax:    312/474-7898

N:\4161\pleading\MEMO motion to compel.doc