UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON JACKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-2230 |
| | ) | |
| CONAIR CORPORATION, | ) | Judge Michael P. McCuskey |
| | ) | Magistrate Judge David G. Bernthal |
| Defendant. | ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant, Conair Corporation ("Conair"), by its attorneys, hereby requests that Plaintiff, Sharon Jacks ("Plaintiff"), in accordance with Rule 33 of the Federal Rules of Civil Procedure, submit answers to the following interrogatories within 30 days of service:

**DEFINITIONS**

1. **"Identify"** or give the **"identity of"** means:

   (a) In the case of a *natural person*, state that person's full name, last known business and residence addresses, telephone numbers, the occupation of the person during the time period covered by the Interrogatory, the person's employer, the person's title, and the relationship, if any, of that person to you.

   (b) In the case of a *business entity*, state its full name, its principal place of business, and the identity of the person or persons employed by, associated with, and/or at the company having knowledge of the matters with respect to which the entity is named.

   (c) In the case of a *document*, state the date of the event referred to in the document, the date the document was prepared, the author of the document, the name of the person who signed the document, the name of the person(s) who received the document (or copies thereof), the type of document (e.g., letter, memorandum, etc.), its present or last known location and custodian, and the substance of the document.

   (d) In the case of a *communication or event*, state the full name and occupation of the person or persons present during the communication or

event; the date, time, and location of the communication or event; and the general substance or purpose of the communication or event.

2. **"Document"** or **"documents"** means the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) of any written or graphic matter of any kind, however produced or reproduced, whether sent or received or neither, including drafts, and both sides thereof, and including but not limited to: telegrams; cables; facsimile messages; checks; financial statements; appraisals; telex messages; letters; memoranda; typed or handwritten notes; notations; work papers; transcripts; minutes; circulars; releases; articles; records and recordings of telephone or other conversations, of interviews, of conferences, or of other meetings; maps; charts; plans; diagrams; photographs; affidavits; statements; summaries; opinions; reports; analyses; evaluations; contracts; agreements; journals; financial statements; desk calendars; appointment books; diaries; expense account records; lists; tabulations; summaries; sound and audio recordings; computer files, printouts and discs; data processing input and output; data compilation; videotapes and other video recordings; and all other records kept by written, electronic, photographic or mechanical means, and any items similar to any of the foregoing.

3. **"Communication"** means every disclosure, transfer, or exchange of information, whether by document or orally, whether face-to-face, by telephone, by facsimile, by delivery, by mail, electronic mail or otherwise.

4. **"Complaint"** refers to the Complaint in the case styled *Sharon Jacks v. Conair Corporation*, No. 04-2230, pending in the United States District Court for the Central District of Illinois.

5. **"Person"** means the plural as well as the singular and includes, without limitation: natural persons, corporations, firms, associations, groups of persons (acting

individually or as an entity), committees, boards, partnerships, joint ventures, or any other form of legal business entity; and governmental agencies, departments, units, or any subdivisions thereof.

6.    **"Plaintiff," "you"** and/or **"your"** refers to Sharon Jacks along with her agents, representatives, or any other individual or entity acting in concert with him, or under her control, whether directly or indirectly.

7.    **"Conair"** refers to the Defendant in this lawsuit, Conair Corporation, and all of its present and former officers, directors, managers, supervising employees, agents, representatives, and any other person acting or claiming to act on its behalf.

8.    **"Related to"** or **"regarding"** means comprising, addressing, referring to (whether by name or not, whether directly or indirectly), discussing, describing, supplementing, supporting, negating, amending, analyzing, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, applying to, reproducing, paraphrasing, or quoting any language.

## INSTRUCTIONS

1.    **Claims of Privilege**. If you claim that the information sought in an Interrogatory is privileged or otherwise protected from discovery, please provide:

   (a)   all information responsive to the Interrogatory in question that you do not claim is privileged or otherwise protected from discovery;

   (b)   the general subject matter of the information sought that you claim is privileged or otherwise protected from discovery;

   (c)   the grounds upon which you rely in claiming that the information sought in the Interrogatory or answer thereto is privileged or otherwise protected from discovery; and

   (d)   the identity, if applicable, of all persons who are parties to any communications which would be disclosed in answering an Interrogatory,

3

if the disclosure of such communication forms the basis of your objection or refusal to answer.

2. **Claims of Relevance, Undue Burden or Vagueness**. If you object to an Interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), provide such information as is concededly relevant. If you object to an Interrogatory on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. Should any of the Interrogatories seem unclear or vague to you, please contact counsel for Defendants for necessary clarification.

3. **Time Frame**. Unless otherwise stated, the relevant time frame for information responsive to these Interrogatories is from April 2003 through the present.

4. **Duty to Supplement**. These Interrogatories are continuing in nature. If after responding you become aware of further information or documents responsive to these Interrogatories, you are required to produce such additional information. At such time as you receive information that makes a prior answer incomplete, inaccurate or misleading, a supplementary answer is required.

## INTERROGATORIES

1. Identify the person(s) who prepared and/or assisted in the preparation of the answers to these interrogatories, including any person(s) who supplied information and/or documents used in the preparation of the answers.

   **RESPONSE**:


2. Identify every person with knowledge regarding the allegations of your Complaint and state the substance of, and basis for, such knowledge.

   **RESPONSE**:

3.  Identify every person and describe in detail each communication you had with every person regarding your individual claims as alleged in your Complaint including but not limited to the date, time, and location of the communication; and the substance of the communication.

RESPONSE:

4.  State the factual basis supporting your claim that "Sharon Jacks' spouse had a serious health condition," as alleged in paragraph 14 of your complaint.

RESPONSE:

5.  Identify every person who possesses knowledge regarding your claim that "Sharon Jacks' spouse had a serious health condition," as alleged in paragraph 14 of your complaint and state the substance of, and basis for, such knowledge.

RESPONSE:

6.  State the factual basis supporting your claim that "Kenny Jacks was unable to care for himself" as alleged in paragraph 6 of your complaint and the manner in which Kenny Jacks was unable to care for himself.

RESPONSE:

7.  Identify every person who possesses knowledge regarding your claim that "Kenny Jacks was unable to care for himself" as alleged in paragraph 6 of your complaint and state the substance of, and basis for, such knowledge.

RESPONSE:

8. Did Kenny Jacks require care on June 9, 2003? If so:

    a. state the factual basis supporting that claim;

    b. state the manner of care Kenny Jacks needed;

    c. identify every person who provided the care identified in 8b; and

    d. identify every person who possesses knowledge regarding your responses to 8a-c above and state the substance of, and basis for, such knowledge.

**RESPONSE**:


9. Identify any and all communication and factual basis supporting your claim that "[p]rior to June, 8, 2003, Defendant was aware Sharon Jacks claimed a leave of absence pursuant to FMLA," as alleged in paragraph 15 of your Complaint.

**RESPONSE**:


10. Identify any period of incapacity at any time, as a result of Kenny Jacks' alleged "serious health condition" referred to in paragraph 14 of your Complaint.

**RESPONSE**:


11. Identify every person who possesses knowledge regarding your response to Interrogatory 10 above and state the substance of, and basis for, such knowledge.

**RESPONSE**:


12. Identify all persons whom you intend to call as expert witnesses on your behalf at the trial of this action, and for each such person identified, describe: the expected subject matter of his or her testimony; the facts upon which each such person's anticipated testimony will be based; the witness's qualifications to testify as an expert witness; and identify all documents concerning the witness's qualifications to testify as an expert.

**RESPONSE**:

13. Identify all damages you claim in this litigation. For each such category of damages claimed, identify the amount you claim is due and owing and the factual support or assumptions relied upon for each such calculation.

**RESPONSE**:


14. To the extent not previously disclosed to Conair, identify all efforts you have made to secure employment (including self-employment or work as an independent contractor) since your employment with Conair ended including: resources you have used or consulted to locate job opportunities; prospective employers you have contacted including when you did so and the position you sought; jobs you have held including dates of employment, position held, and amount of remuneration including benefits.

**RESPONSE**:


15. To the extent not previously disclosed to Conair, identify all jobs (either as an employee or independent contractor) that you have held, for any period of time, since your employment with Conair ended and state the name of your employer, the person to whom you reported, the position you held, the duration of that employment, the compensation received and the reason that employment ended.

**RESPONSE**:


Date: February 23, 2005                                    Respectfully submitted,

                                                           _____
                                                           One of the Attorneys for Defendant
                                                           CONAIR CORPORATION

J. Stuart Garbutt
Joseph E. Tilson
Meckler Bulger & Tilson LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900 – Telephone
(312) 474-7898 – Facsimile

N:\4161\discover\Interrogatories.doc

## CERTIFICATE OF SERVICE

I, Yukyong Choi, an attorney, certify that on February 23, 2005, I caused to be served ***Defendant's First Set of Interrogatories to Plaintiff*** upon the following individual(s):

David A. Kleczek
Kleczek Law Offices
321 NE Madison
Peoria, Illinois 61603

by enclosing a copy in a properly addressed envelope, postage prepaid, and depositing same in the United States Mail at 123 North Wacker Drive, Chicago, Illinois 60606.

One of the attorneys for Defendant Conair Corp.

J. Stuart Garbutt
Joseph E. Tilson
Yukyong Choi
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Chicago, Illinois 60606
(312) 474-7900 - Telephone
(312) 474-7898 - Facsimile

N:\4161\discover\COS-Interrogatories.doc