UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON JACKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-2230 |
| | ) | |
| CONAIR CORPORATION, | ) | Judge Michael P. McCuskey |
| | ) | Magistrate Judge David G. Bernthal |
| Defendant. | ) | |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Conair Corporation ("Conair"), by its attorneys, hereby requests that Plaintiff, Sharon Jacks ("Plaintiff"), in accordance with Rule 34 of the Federal Rules of Civil Procedure, submit responses to the requests for documents herein within 30 days of service:

**DEFINITIONS**

1. **"Identify"** or give the **"identity of"** means:

    (a) In the case of a *natural person*, state that person's full name, last known business and residence addresses, telephone numbers, the occupation of the person during the time period covered by the Interrogatory, the person's employer, the person's title, and the relationship, if any, of that person to you.

    (b) In the case of a *business entity*, state its full name, its principal place of business, and the identity of the person or persons employed by, associated with, and/or at the company having knowledge of the matters with respect to which the entity is named.

    (c) In the case of a *document*, state the date of the event referred to in the document, the date the document was prepared, the author of the document, the name of the person who signed the document, the name of the person(s) who received the document (or copies thereof), the type of document (e.g., letter, memorandum, etc.), its present or last known location and custodian, and the substance of the document.

    (d) In the case of a *communication or event*, state the full name and occupation of the person or persons present during the communication or

event; the date, time, and location of the communication or event; and the general substance or purpose of the communication or event.

2. **"Document"** or **"documents"** means the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) of any written or graphic matter of any kind, however produced or reproduced, whether sent or received or neither, including drafts, and both sides thereof, and including but not limited to: telegrams; cables; facsimile messages; checks; financial statements; appraisals; telex messages; letters; memoranda; typed or handwritten notes; notations; work papers; transcripts; minutes; circulars; releases; articles; records and recordings of telephone or other conversations, of interviews, of conferences, or of other meetings; maps; charts; plans; diagrams; photographs; affidavits; statements; summaries; opinions; reports; analyses; evaluations; contracts; agreements; journals; financial statements; desk calendars; appointment books; diaries; expense account records; lists; tabulations; summaries; sound and audio recordings; computer files, printouts and discs; data processing input and output; data compilation; videotapes and other video recordings; and all other records kept by written, electronic, photographic or mechanical means, and any items similar to any of the foregoing.

3. **"Communication"** means every disclosure, transfer, or exchange of information, whether by document or orally, whether face-to-face, by telephone, by facsimile, by delivery, by mail, electronic mail or otherwise.

4. **"Complaint"** refers to the Complaint in the case styled *Sharon Jacks v. Conair Corporation*, No. 04-2230, pending in the United States District Court for the Central District of Illinois.

5. **"Person"** means the plural as well as the singular and includes, without limitation: natural persons, corporations, firms, associations, groups of persons (acting

2

individually or as an entity), committees, boards, partnerships, joint ventures, or any other form of legal business entity; and governmental agencies, departments, units, or any subdivisions thereof.

6. **"Plaintiff," "you"** and/or **"your"** refers to Sharon Jacks along with her agents, representatives, or any other individual or entity acting in concert with him, or under her control, whether directly or indirectly.

7. **"Conair"** refers to the Defendant in this lawsuit, Conair Corporation, and all of its present and former officers, directors, managers, supervising employees, agents, representatives, and any other person acting or claiming to act on its behalf.

8. **"Related to" or "regarding"** means comprising, addressing, referring to (whether by name or not, whether directly or indirectly), discussing, describing, supplementing, supporting, negating, amending, analyzing, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, applying to, reproducing, paraphrasing, or quoting any language.

## INSTRUCTIONS

1. **Claims of Privilege.** If you claim that the information sought in an Interrogatory is privileged or otherwise protected from discovery, please provide:

    (a)  all information responsive to the Interrogatory in question that you do not claim is privileged or otherwise protected from discovery;

    (b)  the general subject matter of the information sought that you claim is privileged or otherwise protected from discovery;

    (c)  the grounds upon which you rely in claiming that the information sought in the Interrogatory or answer thereto is privileged or otherwise protected from discovery; and

    (d)  the identity, if applicable, of all persons who are parties to any communications which would be disclosed in answering an Interrogatory,

3

if the disclosure of such communication forms the basis of your objection or refusal to answer.

2.  **Claims of Relevance, Undue Burden or Vagueness.** If you object to an Interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), provide such information as is concededly relevant. If you object to an Interrogatory on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. Should any of the Interrogatories seem unclear or vague to you, please contact counsel for Defendants for necessary clarification.

3.  **Time Frame.** Unless otherwise stated, the relevant time frame for information responsive to these Interrogatories is from April 2003 through the present.

4.  **Duty to Supplement.** These Interrogatories are continuing in nature. If after responding you become aware of further information or documents responsive to these Interrogatories, you are required to produce such additional information. At such time as you receive information that makes a prior answer incomplete, inaccurate or misleading, a supplementary answer is required.

## DOCUMENT REQUESTS

1.  Produce all documents you relied on or reviewed in answering Conair's First Set of Interrogatories to Plaintiff.

    **RESPONSE**:


2.  Produce any documents or sources of information used as the basis or as support for the allegations in your Complaint, including written statements, newspaper articles and the like.

    **RESPONSE**:

4

3. Produce all documents identified in Section 2 of Plaintiff's Rule 26(a) Initial Disclosures.

**RESPONSE**:

4. Produce all documents related to any and all communications between you and any other person regarding the subject matter of the allegations contained in your Complaint.

**RESPONSE**:

5. Produce all documents not otherwise produced that relate to the allegations in your Complaint as they pertain to your individual claims.

**RESPONSE**:

6. Produce all documents related to or supporting your claims for damages in the Complaint.

**RESPONSE**:

7. Produce all documents related to your employment with Conair, including but not limited to orientation materials, performance reviews, disciplinary notices, employment policies, manuals and/or handbooks, time and attendance records, correspondence, memoranda, benefit and salary information, hiring documentation and transfer documentation.

**RESPONSE**:

8. Produce all documents (from the date of your termination from Conair to the present) concerning your sources of income from 2003 to present day, including but not limited to federal and state tax returns (including all attachments), W-2 and 1099 forms, payroll records, check stubs, unemployment compensation, disability income, gifts, awards and prizes.

**RESPONSE**:

9. Produce all documents concerning all attempts you have made to obtain employment subsequent to the termination of your employment with Conair, including, but not

limited to, resumes, applications, newspaper advertisements, correspondence, and telephone (including cellular) records.

**RESPONSE**:


10.  Produce all documents related to any employment you have held since leaving Conair, including documents reflecting the name and address of your employer, your job duties, your compensation and any and all benefits plan in which you are eligible to participate.

**RESPONSE**:


11.  Produce all documents concerning all expert witnesses you intend to call, or may call, on your behalf in the trial of this matter, including but not limited to, all expert reports, documents reflecting the credentials of such witnesses, and all articles and other publications written by such witnesses.

**RESPONSE**:


12.  Produce all documents relating to any claims filed for unemployment compensation by Plaintiff since June 2003.

**RESPONSE**:


13.  Produce all documents substantiating or relating to Kenny Jacks' "serious health condition" as alleged in Paragraph 14 of your Complaint including but not limited to any medical records, worker's compensation filings, and depositions of any health care provider.

**RESPONSE**:


Date: February 23, 2005               Respectfully submitted,

                                      _____
                                      One of the Attorneys for Defendant
                                      CONAIR CORPORATION

6

J. Stuart Garbutt
Joseph E. Tilson
Meckler Bulger & Tilson LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900 – Telephone
(312) 474-7898 – Facsimile

N:\4161\discover\ReqProductionDocs.doc

## CERTIFICATE OF SERVICE

I, Yukyong Choi, an attorney, certify that on February 23, 2005, I caused to be served ***Defendant's First Request for Production of Documents*** upon the following individual(s):

David A. Kleczek
Kleczek Law Offices
321 NE Madison
Peoria, Illinois 61603

by enclosing a copy in a properly addressed envelope, postage prepaid, and depositing same in the United States Mail at 123 North Wacker Drive, Chicago, Illinois 60606.

One of the attorneys for Defendant Conair Corp.

J. Stuart Garbutt
Joseph E. Tilson
Yukyong Choi
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Chicago, Illinois 60606
(312) 474-7900 - Telephone
(312) 474-7898 - Facsimile
N:\4161\discover\COS-ReqProdDocs.doc