UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

SHARON JACKS, )
)
        Plaintiff, )
)
v. ) Case No. 04-2230
)
CONAIR CORPORATION, )
)
        Defendant. )

## PLAINTIFF'S ANSWERS TO INTERROGATORIES

NOW COMES Plaintiff, SHARON JACKS, by and through her attorneys, KLECZEK LAW OFFICE, and in answer to the Interrogatories propounded by Defendant, CONAIR CORPORATION, states as follows:

1. Identify the person(s) who prepared and/or assisted in the preparation of the answers to these interrogatories, including the person(s) who supplied information and/or documents used in the preparation of the answers.

    RESPONSE: Objection, not likely to lead to relevant information. Information protected by attorney-client privilege. Without waiving said objection, Plaintiff states: Sharon Jacks.

2. Identify every person with knowledge regarding the allegations of your Complaint and state the substance of, and basis for, such knowledge.

    RESPONSE: Dr. Fletcher, Safeworks, 1806 N. Market, Champaign, IL 61822

        Dr. Katner, Central Illinois Neuro Health Services, 1015 S. Mercer Ave., Bloomington, IL 61701

        Dr. Nardo Buena, Provena Convenant Medical Center, 1400 West Park Street, Urbana, Illinois 61801

        Department of Employment Security, 1307 North Matthis Avenue, Champaign, IL 61866

        Tom Anderson, Caradco, 201 Evans Road, Rantoul, IL 61866

**See attached medical records. Investigation continues.**

3. Identify every person and describe in detail each communication you had with every person regarding your individual claims as alleged in your Complaint including but not limited to the date, time, and location of the communication; and the substance of the communication.

**RESPONSE: See attached records. Investigation continues.**

4. State the factual basis supporting your claim that "Sharon Jacks' spouse had a serious health condition," as alleged in paragraph 14 of your Complaint.

**RESPONSE: The factual basis is contained in Kenny Jacks' medical records and known by Mr. Jacks' physicians.**

5. Identify every person who possesses knowledge regarding your claim that "Sharon Jacks' spouse had a serious health condition," as alleged in paragraph 14 of your Complaint and state the substance of, and basis for, such knowledge.

**RESPONSE: See Interrogatory No. 4 and attached medical records. Investigation continues.**

6. State the factual basis supporting your claim that "Kenny Jacks was unable to care for himself" as alleged in paragraph 6 of your Complaint and the manner in which Kenny Jacks was unable to care for himself.

**RESPONSE: See attached medical records. Investigation continues.**

7. Identify every person who possesses knowledge regarding your claim that "Kenny Jacks was unable to care for himself" as alleged in paragraph 6 of your Complaint and state the substance of, and basis for, such knowledge.

**RESPONSE: See Interrogatory No. 4 and attached medical records. Investigation continues.**

8. Did Kenny Jacks require care on June 9, 2003? If so:

    a. state the factual basis supporting that claim;

    b. state the manner of care Kenny Jacks needed;

    c. identify every person who provided the care identified in 8b; and

    d. identify every person who possesses knowledge regarding your responses to 8a-c above and state the substance of, and basis for, such knowledge.

**RESPONSE: Objection. Vague, Plaintiff is unsure the nature and extent of the term "care" as used in this interrogatory.**

9. Identify any and all communication and factual basis supporting your claim that "[p]rior to June 8, 2003, Defendant was aware Sharon Jacks claimed a leave of absence pursuant to FMLA," as alleged in paragraph 15 of your Complaint.

**RESPONSE: Sharon Jacks personally contacted Defendant by telephone. See attached Certification of Health Care Provider executed on June 6, 2003. Investigation continues.**

10. Identify any period of incapacity at any time, as a result of Kenny Jacks' alleged "serious health condition" referred to in paragraph 14 of your Complaint.

**RESPONSE: See attached medical records. Investigation continues.**

11. Identify every person who possesses knowledge regarding your response to Interrogatory 10 above and state the substance of, and basis for, such knowledge.

**RESPONSE: See attached medical records. Investigation continues.**

12. Identify all persons whom you intend to call as expert witnesses on your behalf at the trial of this action, and for each such person identified, describe: the expected subject matter of his or her testimony; the facts upon which each such person's anticipated testimony will be based; the witness's qualifications to testify as an expert witness; and identify all documents concerning the witness's qualifications to testify as an expert.

**RESPONSE: Plaintiff will respond to this Interrogatory per court order.**

13. Identify all damages you claim in this litigation. For each such category of damages claimed; identify the amount you claim is due and owing and the factual support of assumptions relied upon for each such calculation.

**RESPONSE: Investigation continues.**

14. To the extent not previously disclosed to Conair, identify all efforts you have made to secure employment (including self-employment or work as an independent contractor) since your employment with Conair ended including: resources you have used or consulted to locate job opportunities; prospective employers you have contacted including when you did so and the position you sought; jobs you have held including dates of employment, position held, and amount of remuneration including benefits.

**RESPONSE: Investigation continues.**

15. To the extent not previously disclosed to Conair, identify all jobs (either as an employee or independent contractor) that you have held, for any period of time, since your employment with Conair ended and state the name of your employer, the person to whom you reported, the position you held, the duration of that employment, the compensation received and the reason that employment ended.

RESPONSE:  Loda Egg Farm, Loda, Illinois
Flex-n-Gate, Urbana, Illinois
Guardian West, Urbana, Illinois
County Market, Champaign, Illinois
Century Restaurant, Rantoul, Illinois
See attached employment documents.  Investigation continues.

SHARON JACKS,
Plaintiff,

By: *[signature]*
DAVID A. KLECZEK

KLECZEK LAW OFFICE
321 N.E. Madison Ave.
Peoria, Illinois 61603
Telephone: (309) 674-4141
Facsimile: (309) 674-4144

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Plaintiff's Answers to Interrogatories** was served upon the attorneys of record in this matter by depositing copies of same enclosed in envelopes addressed as follows:

J. Stuart Garbutt
Meckler, Bulger, & Tilson
123 N. Wacker Drive Suite 1800
Chicago, Illinois 60606

and by depositing said envelopes with first-class postage fully prepaid in the U.S. Mail at Peoria, Illinois on the 15th day of September, 2005.

*Denise A. Christenson*

\* Click on Check Number to view Check Details.

**Quarterly Detailed Report**

| CK# | CHECK DATE | W/E WORKED | REG HRS | OVR HRS | GROSS WAGES | TOTAL TAX | TOTAL DEDUCTIONS | NON TAXABLE |
|---|---|---|---|---|---|---|---|---|
| 34050  221233  xxxxx9404  SHARON S JACKS  1231 CYPRESS  RANTOUL  61866 IL | | | | | | | | |
| **Q 1 2004 Total** | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 3400252238 | 05/02/04 | 05/02/04 | 31.0 | 0.0 | 217.00 | 29.42 | 0.00 | |
| 3400252961 | 05/09/04 | 05/09/04 | 40.0 | 0.0 | 280.00 | 42.43 | 0.00 | |
| 3400253742 | 05/16/04 | 05/16/04 | 30.75 | 0.0 | 215.25 | 29.06 | 0.00 | |
| 3400254234 | 05/23/04 | 05/23/04 | 40.0 | 0.0 | 280.00 | 42.43 | 0.00 | |
| 3400255090 | 05/30/04 | 05/30/04 | 40.0 | 0.0 | 280.00 | 42.43 | 0.00 | |
| 3400255847 | 06/06/04 | 06/06/04 | 30.75 | 0.0 | 215.25 | 29.06 | 0.00 | |
| 3400256604 | 06/13/04 | 06/13/04 | 27.0 | 0.0 | 189.00 | 23.63 | 0.00 | |
| 3400257689 | 06/20/04 | 06/20/04 | 18.0 | 0.0 | 126.00 | 13.43 | 0.00 | |
| 3400258432 | 06/27/04 | 06/27/04 | 10.0 | 0.0 | 75.00 | 7.98 | | 4.00 |
| **Q 2 2004 Total** | | | 267.50 | 0.00 | 1,877.50 | 259.87 | | 4.00 |
| 3400258957 | 07/04/04 | 07/04/04 | 16.0 | 0.0 | 116.00 | 12.36 | 0.00 | |
| 3400260525 | 07/18/04 | 07/18/04 | 24.0 | 0.0 | 174.00 | 20.54 | 0.00 | |
| 3400000040 | 08/03/04 | 08/01/04 | 8.0 | 0.0 | 58.00 | 6.17 | 0.00 | |
| 3400002034 | 08/18/04 | 08/15/04 | 20.0 | 0.0 | 145.00 | 15.44 | 0.00 | |
| 3400002836 | 08/25/04 | 08/22/04 | 29.75 | 0.0 | 215.69 | 29.16 | 0.00 | |
| 3400003580 | 09/01/04 | 08/29/04 | 31.5 | 0.0 | 228.38 | 31.77 | 0.00 | |
| 3400003966 | 09/08/04 | 09/05/04 | 7.5 | 0.0 | 54.38 | 5.79 | 0.00 | |
| 3400005102 | 09/15/04 | 09/12/04 | 16.0 | 0.0 | 116.00 | 12.35 | 0.00 | |
| 3400005501 | 09/21/04 | 09/19/04 | 5.75 | 0.0 | 41.69 | 4.44 | 0.00 | |
| **Q 3 2004 Total** | | | 158.50 | 0.00 | 1,149.14 | 138.02 | 0.00 | |
| **Q 4 2004 Total** | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 3400022110 | 03/09/05 | 03/06/05 | 5.2 | 0.0 | 44.20 | 4.71 | 0.00 | |
| **Q 1 2005 Total** | | | 5.20 | 0.00 | 44.20 | 4.71 | 0.00 | |

RECEIVED MAR 1 8 2005

**Club 45 Banquet Hall**   3515 N. Cunningham Ave.
P.O. Box 965
Urbana, IL 61803-0965
217-344-3101

March 9, 2005

To Whom It May Concern:

Sharon Jacks began working at Club 45 Banquet Hall as a bartender / waitress on October 4, 2004. Her last date of work was on January 29, 2005.

If any additional information is needed, please feel free to contact me at any time at 217-344-3101.

Sincerely,

*Karla J. Smart*

Karla J. Smart

Assistant Manager

RECEIVED MAR 1 9 2005

# JACKS v. CONAIR

# Certification of Health Care Provider

Central Illinois NeuroHealth Sciences
1015 S. Mercer Ave.
Bloomington, Illinois 61701

DATE: 10-31-03

PATIENT: Mr. Jacks

DATE OF BIRTH: 2-12-53

To Whom It May Concern:

We wish to acknowledge your recent request for medical records. Your request is being returned for the reason(s) indicted below:

\_\_\_\_\_ Authorization by the patient within the past 90 days is required.

\_\_\_\_\_ The record does not indicate Workers Compensation.

\_\_\_\_\_ Authorization signed prior to the date of service.

\_\_\_\_\_ Authorization is not dated or outdated.

\_\_\_\_\_ Proof of power of attorney, guardianship or executor of estate.

\_\_\_\_\_ No records found for date(s) requested.

\_\_\_\_\_ Patient not seen at Central Illinois Neuro Health Sciences.

\_\_\_\_\_ Records are lab mail-ins. Contact attending physician for results.

\_\_\_\_\_ Our authorization must be completed. If patient is 12 and older, BOTH patient and parent/guardian must sign authorization.

✓ Other  Mr & Mrs. Jacks in looking for the requested

We are unable to correctly identify the patient. We will be happy to check again if you provide the following:

\_\_\_\_\_ Date of birth/social security number: _____

\_\_\_\_\_ Date and type of treatment: _____

\_\_\_\_\_ Different first or last name: Please indicate: _____

Thank you,

*Karen Thomas*

Medical Records Department
Central Illinois Neuro Health Sciences

RECEIVED NOV 0 7 2003

Revised 9-27-00

FMLA Paper our Nurse Karen for Rita faxed to Conair according to our records it was filled out once and faxed only one time. If you have any further questions please feel free to call our office.

*Conaie*
*Shellhouse Dr.*
*Rantoul Ill.*
*61866*

### Certification of Health Care Provider
(Family and Medical Leave Act of 1993)

1. Employee's Name: **Sharon S. Jacks**

2. Patient's Name (if different from employee): **Kenny Jacks**

3. The attached sheet describes what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition[1] qualify under any of the categories described? If so, please check the applicable category:

   (1)__ (2) ✓ (3)__ (4)__ (5)__ (6)__ or None of the above __

4. Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:
   *Pt will be seeing pain management for injections and then to physical therapy*

5. a. State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present incapacity[2] if different):
   *Began 5-29-03   duration undetermined*
   *next office visit 6-23-03*

   b. Will it be necessary for the employee to take work only intermittently or to work on a less than full schedule as a result of the condition (including for treatment described in Item 6 below?

   If yes, give the probable duration:

   c. If the condition is a chronic condition (condition #4) or pregnancy, state whether the patient is presently incapacitated[2] and the likely duration and frequency of episodes of incapacity[2]:

6. a. If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments:

   If the patient will be absent from work or other daily activities because of treatment on an intermittent or part time basis, also provide an estimate of the probable number and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

   b. If any of these treatments will be provided by another provider of health services (e.g., physical therapist), please state the nature of the treatments:

---

[1] Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

[2] "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

RECEIVED NOV 0 7 2003

c.  If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

7.  a.  If medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind?

    b.  If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (the employee or the employer should supply you with information about the essential job functions)? _____ If yes, please list the essential functions the employee is unable to perform:

    c.  If neither "a" nor "b" applies, is it necessary for the employee to be absent from work for treatment?

8.  a.  If leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety, or for transportation?   yes    *Unable to drive due to pain level and medication*

    b.  If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery?

    c.  If the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need:

_____          6-6-03
(Signature of Health Care Provider)         (DATE)

1015 S Mercer Ave                309 662 7500
(Street Address, City, State, Zip Code)      (Telephone number)
Bloomington   IL  61701

TO BE COMPLETED BY THE EMPLOYEE NEEDING FAMILY LEAVE TO CARE FOR A FAMILY MEMBER:

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

_Sharon Jacks_                   6- -03
(Employee Signature)               (Date)

Leave is hereby approved/disapproved. _____    _____
                                       Human Resource Manager         Date

# JACKS v. CONAIR

# Specials


**PROVENA**
Covenant Medical Center
1400 West Park Street
Urbana, IL 61801

15708-3633

**RETURN SERVICE REQUESTED**

PATIENT NAME    : KENNETH JACKS
PATIENT TYPE    : OUTPATIENT
DATE OF SERVICE : 06/04/03

ADDRESSEE:

KENNETH JACKS
1231 CYPRESS LANE
RANTOUL, IL 61866-3230

CHECK CARD USING FOR PAYMENT
MASTERCARD  DISCOVER  VISA  AMERICAN EXPRESS
CARD NUMBER                              AMOUNT
SIGNATURE                                EXP DATE

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 10/06/03 | $41.62 | HC141550... |

PAGE: 1 of 1          SHOW AMOUNT PAID HERE  $

REMIT TO:

PROVENA COVENANT MEDICAL CENTER
75 REMITTANCE DR  SUITE 1785
CHICAGO, IL  60675-1785

15708-3633*12D0LAPSY000177

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side

---

| PATIENT NAME | DATE OF SERVICE | STATEMENT DATE | PATIENT ACCOUNT NO. | ACCOUNT TYPE |
|---|---|---|---|---|
| KENNETH JACKS | 06/04/03 | 10/06/03 | HC1415503 | OUTPATIENT |

| DATE | TRANSACTION | AMOUNT |
|---|---|---|
| 06/08/03 | BILL | 625.62 |
| 07/15/03 | WORKERS COMP PAYMENT | -625.62 |
| 07/21/03 | BILL | 41.62 |
| 07/25/03 | WORKERS COMP DENIAL; DUPLICATE CLAIM | 0.00 |
| | Charges to date: | 667.24 |
| | Receipts to date: | 625.62 |
| | Total due: | 41.62 |
| | Estimated insurance due: | 0.00 |

RECEIVED OCT 1 7 2003

*WE HAVE RECEIVED PAYMENT OR DENIAL FROM YOUR EMPLOYER'S WORKMANS COMPENSATION CARRIER. ANY BALANCE REMAINING IS YOUR RESPONSIBILITY. PAYMENT IS DUE WITHIN 30 DAYS. PLEASE CALL 800-714-8337 FROM 8 AM - 5 PM WITH QUESTIONS.*

**PROVENA**
Covenant Medical Center
1400 West Park Street
Urbana, IL 61801

FOR QUESTIONS ON YOUR ACCOUNT, PLEASE CALL:
(800) 714-8337

NOTICE: Payments and charges received after statement date will be reflected on next statement.

**Please Pay THIS AMOUNT**

▶▶▶▶▶▶▶   $41.62

15708-3633*12D0LAPSY000177

0425*0014234926
EXCEL EMERGENCY CARE LLC
P.O. BOX 808
GRAND RAPIDS MI 49518-0808

Return Service Requested

Place of Service: PROVENA COVENANT MEDICAL CTR

G0T501010PZK003QUT.001137
KENNETH JACKS
1231 CYPRESS LN
RANTOUL IL 61866-3230

| PATIENT NAME |
| --- |
| KENNETH JACKS |

| ACCOUNT NUMBER | STATEMENT DATE |
| --- | --- |
| 0425*0014234926 | 08/21/2003 |

| AMOUNT DUE | AMOUNT PAID |
| --- | --- |
| 170.00 | |

EXCEL EMERGENCY CARE LLC
6540 RELIABLE PARKWAY
CHICAGO IL 60686



PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT

| Date | Doctor | Code | Description | Page 1 Amou |
| --- | --- | --- | --- | --- |
| 06/02/2003 | JAMES ELLIS, DO | 99283 | EMERGENCY DEPARTMENT VISIT | 170.0 |
| 07/11/2003 | | 0070255 | DENIAL INS#1 27   COVERAGE T | |

RECEIVED SEP 0 2 2003

| ACCOUNT NUMBER | DATE OF STATEMENT | PAYMENTS AFTER THIS DATE WILL APPEAR ON YOUR NEXT STATEMENT | BALANCE | AMOUNT DUE |
| --- | --- | --- | --- | --- |
| 0425*0014234926 | 08/21/2003 | | | 170.00 |

PATIENT NAME

KENNETH JACKS

BILLING QUESTIONS:LOCAL 1(800)-540-8739
OUT OF AREA: 1(800)-540-8739 CUSTOMER SERVICE
MON-FRI 8:30 AM THRU 7:00 PM EST

*************************************
FINAL NOTICE   TO AVOID
FURTHER COLLECTION ACTION
THIS ACCOUNT MUST BE PAID
IMMEDIATELY.
*************************************

Tax Id 36-4255652
Place of Service: PROVENA COVENANT MEDICAL CTR

MAKE CHECKS PAYABLE TO:

EXCEL EMERGENCY CARE LLC
6540 RELIABLE PARKWAY
CHICAGO IL 60686
(800)-540-8739

SEE REVERSE SIDE FOR IMPORTANT BILLING INFORMATION

If you have questions about this statement or need assistance to file your insurance, please call (217) 366-1382, between 9 am and 4 pm, Monday through Friday.

**CHRISTIE CLINIC ASSOCIATION**
101 West University Avenue
Champaign, IL 61820-3909

CHRISTIE

P/C  DF

07/04/03      PAY THIS AMOUNT   72-64963
              258.60
TEL. 217-893-9261
0001962R
PAGE 01    STATEMENT NUMBER: 623520   L

KENNETH JACKS
1231 CYPRESS
RANTOUL IL 61866
UNITED STATES

211

CHRISTIE CLINIC
101 W UNIVERSITY AVE
CHAMPAIGN IL 61820-3909

☐ Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

  

217-366-1382

| Date | Physician | Description | Account Activity | |
|---|---|---|---|---|
|  |  | Previous Balance |  | 419.39 |
|  |  | KENNETH JACKS | 36-25-55-5 |  |
|  |  | Charge(s) |  |  |
| 060203 | BUENA NARDO M | TORADOL 60 MG SYRINGE | -CORRECTED | 56.00 |
| 060203 | BUENA NARDO M | INJECTION,SC/IM | -CORRECTED | 25.00 |
| 060203 | BUENA NARDO M | OFFICE VISIT EST PT LEVEL 3 | -CORRECTED | 81.00 |
|  |  | Applied to Guarantor |  |  |
|  |  | TOTAL FINANCE CHARGES THIS BILLING PERIOD: |  | 1.21 |

Your account includes a patient responsibility balance that is over 30 days old. Patient responsibility balances are due within 30 days of the statement date. If the balance cannot be paid within 30 days, a monthly payment arrangement may be established. For your convenience, we accept Visa, Discover and Mastercard.

If you have medical insurance, but a claim has not been filed, please contact Business Services.

Statement Closing Date: 07/04/03    Please indicate your Family Account number when calling our office: 72-64963

| Balance Forward | Payments | Credits | Charges | Balance Over 30 Days | Balance Over 60 Days | Balance Over 90 Days | New Balance Pay this Amount |
|---|---|---|---|---|---|---|---|
| 419.39 |  | 162.00- | 1.21 | 162.00 |  | 91.02 | 258.60 |

Send inquiries to:       STATEMENT NUMBER:   623520

CHRISTIE CLINIC                         NEW BALANCE SUBJECT TO FINANCE CHARGE:  91.02
101 W UNIVERSITY AVE    TERMS:                  PRIOR UNPAID FINANCE CHARGE:    4.37
CHAMPAIGN IL 61820   ANNUAL PCTG 18.00% Finance charge will accrue on the patient
                                        responsibility balance that is 90 days old.
                                                            MINIMUM AMT    $.50
PAY   $91.02 IN FULL BEFORE 07/31/03 TO AVOID ADDITIONAL FINANCE CHARGE  RECEIVED JUL 1 4