UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| SHARON JACKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-2230 |
| | ) |
| CON-AIR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT OF DAVID A. KLECZEK REGARDING ALLEGED ATTORNEYS' FEES INCURRED BY DEFENDANT CON-AIR

I, DAVID A. KLECZEK, on oath and pursuant to Court's Docket entry of December 19, 2005, make this Affidavit in response to J. STUART GARBUTT'S AFFIDAVIT regarding attorneys' fees allegedly incurred by Defendant CON-AIR CORPORATION in connection with its Motion to Compel of discovery responses.

1. I am one of the attorneys representing Plaintiff, SHARON JACKS, in this matter.

2. I became a member of Illinois Bar in May 2002. Since January of 2000 until May 2003 I worked as a law clerk and then attorney at the firm of Levenfeld Pearlstein LLC, an approximately sixty (60) attorney law firm with a large employment law and litigation practice group. As both an attorney and law clerk I worked on many employment law cases.

3. I am familiar with, due to my experience, billable hour requirements set forth by law firms, and the necessity for partners and associates alike to meet monthly and yearly billable hour goals.

1

### I.  Section A-Excessive Fees for Letter

4. In relation to section A of Defendant's "Outline of Attorney's Hours and Fees Incurred" (hereinafter "Outline"), I first address the time spent on September 23rd, 26th, and 27th allegedly drafting a letter regarding inadequate discovery.  On September 23, Ms. Choi claims to have spent one hour drafting a letter regarding the discovery deficiencies.  Then, three days later, Mr. Garbutt was required to spend .2 hours reviewing the letter by Ms. Choi.  That same day, Ms. Choi claims to have spent .5 hours revising that same letter.  Finally, Mr. Garbutt claims .4 hours to "edit and finalize letter".  This letter allegedly took 2.1 hours to draft at a total cost of $450.00.  Attached as Exhibit "A" is said letter.  Two point one (2.1) hours spent drafting this letter is not reasonable.  Based on my experience as an attorney, a letter regarding insufficient discovery responses should reasonably take no longer than .5 hours.  Therefore, Plaintiff requests that this Court strike 1.6 hours of the time claimed to have spent drafting this letter.

5. Plaintiff disputes the reasonableness of the amount of time allegedly spent on various tasks.   Attached as Exhibit "B" is an Outline of Time and Fees to Strike which are not related to the Motion to Compel or are not reasonable.

### II. Section B-Excessive Fees for Motion

6. In relation to section B of Defendant's Outline, Defendant claims it spent 9.7 hours drafting the Motion to Compel.  The total number of pages for the Motion and the Memo in support was not even eleven (11) pages.  Defendant's is claiming it took him almost an hour per page to present a motion and memorandum to compel on an issue that is not complex and easily researched.  Nine point two (9.2) hours is completely unreasonable and this Court should not grant Defendant this amount of time in bringing a

simple motion to compel discovery. Granted Defendant obviously did spend some time in preparing its Motion to Compel, but based on my experience as an attorney practicing in the Central District, such a motion should have taken no more than 2.5 total hours.

7. Notwithstanding the unreasonableness of the time spent drafting the motion, the invoices further illuminate the unreasonableness of the 9.7 hours in merely drafting the motion to compel. On September 5, 2005, Defendant is claiming .9 hours by Yukyong Choi for drafting the Motion to Compel. Upon review of the invoice to Con-Air, the .9 hours was actually spent in "reviewing discovery requests and correspondence in preparation for motion to compel and begin drafting motion to compel".

8. The Defendant is not entitled to review answers and documents actually produced by an opponent. *Mosaid Techs. Inc., v. Sampson Elecs. Co.*, 224 F.R.D. 595 (D.N.J. 2004). Time spent reviewing the discovery was time that ordinarily would have been spent on this case not withstanding the motion to compel. Additionally, the statement "begin drafting motion to compel" is not supported by the subsequent entries by Mr. Garbutt and Ms. Choi. On October 20, 2005, Mr. Garbutt claims 3.4 hours to "draft motion to compel Jacks compliance with discovery and memo in support." Such an entry is not consistent with <u>continuing</u> to draft a motion already started by Yukyong Choi approximately one and a half months prior to this entry. Therefore, the .9 hours by Yukyong Choi should be stricken.

9. The 10/25/05 entry by Yukyong Choi states "review, revise and finalize appearance, motion to compel, memorandum in support of motion to compel and affidavit in support of same. Called Court regarding filing exhibits and filed motion to compel." Time spent by Ms. Yukyong Choi in "finalizing appearance" and calling the

Court to figure out how to file exhibits and how to file a motion should not be compensable. Admittedly, it is confusing and time consuming to learn the Central District's electronic filing system, and it seems reasonable that if Ms. Choi nor her firm had not yet used the Central District's electronic filing system that it would take three to four hours to figure out how to file a simple motion and additional exhibits.[1] For these reasons, the 3.1 hours spent by Ms. Choi and the .1 hours spent by J. Stuart Garbutt in filing the Motion to Compel should be stricken.

### III. Section C-Hearing on Sanction, Not Compensable, Drive Not Reasonable

10.  Next, in Section C of Defendant's Outline, he claims .5 hours for "analyzing court's ruling on Motion to Compel on November 23, 2005. A review of the actual bill rendered to Con-Air shows that Mr. Garbutt actually spent .2 hours reviewing the Order. He did not spend any time "analyzing" the Order, according to the bill sent to Con-Air. Apparently, Mr. Garbutt is claiming .3 hours for a telephone conference in which I indicated that discovery consistent with the Court's Order would be forthcoming within a couple days. The .3 hours - eighteen (18) minutes for a conversation which took less than five (5) minutes- is not only inflated, but not compensable in making bringing the Motion to Compel".

11.  In Section C of Defendant's Outline of attorney's hours and fees incurred, Defendant claims 4 hours or $1,000.00 to attend the forty-five (45) minute hearing which took place on December 19, 2005. This Order was entered November 22, 2005, and Plaintiff complied within five (5) days of the date that the Order entered. The main issue taken up at that December 19, 2005 hearing was the issue of sanctions. Defendant claimed 3.5 hours for attending this hearing on sanctions, which took forty-five (45)

---

[1] That being said, the electronic filing system, once learned, is far superior to any manual system.

4

minutes. The travel time to and from the Courthouse from Chicago should not be awarded, as there is no special expertise required for this case and no reason an out-of-town law firm was required to handle it. Defendant's choice of Mr. Garbutt as their attorney does not mean that it is reasonable. The reasonable time spent on this hearing would forty-five (45) minutes, plus fifteen (15) minutes additional travel time within the City of Champaign-Urbana.

### IV. Section D-Rule 37 does not allow recovery of attorneys' fees for functions relating to sanctions

12.  In section D of Defendant Outline Mr. Garbutt claims 3.2 hours in hopes to recover $800.00 relating to alleged "preparing affidavit of fees incurred". As a threshold matter, there is no supporting invoice relating to the alleged 3.2 hours spent in preparation of the affidavit and materials. Second, it is not reasonable to have spent 3.2 hours in preparing a simple affidavit along with computer generated statements relating to time spent on a case.

13.  Finally, as to the time Defendant spent on the issue of sanctions and attorneys' fees, it is not appropriately awarded. Rule 37, on its face, states that "the moving party" is entitled to "the reasonable expenses incurred in *making the motion*, including attorney's fees…". FRCP Rule 37(a)(4)(A). Therefore, on the face of Rule 37, any time spent relating to the hearing on sanctions or preparation of Defendant's Affidavit is not compensable. See also *Addington v. Mid American Lines*, 77 F.R.D 750 (W.D.MO., 1978). For these reasons, the Court should completely eliminate the 3.2 hours claimed by the Defendant in preparing the Affidavit of Fee under section D of its outline of attorneys' hours and fees incurred, and cut 3.5 hours claimed in section C of said outline.

14. In conclusion, the reasonable amount of time spent in "bringing a motion" pursuant to Rule 37 is as outlined in Exhibit B, and more appropriately $830.00, not $4,580.00

**RESPECTFULLY SUBMITTED,**
**s/ DAVID A. KLECZEK**
**David Kleczek Bar Number: 6276591**
**Attorney for Plaintiff**
**KLECZEK LAW OFFICE**
**321 N.E. Madison Ave.**
**Peoria, Illinois 61603**
**Telephone: (309) 674-4141**
**Facsimile: (309) 674-4144**
**E-mail: dkleczek@netzero.com**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| SHARON JACKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-2230 |
| | ) |
| CONAIR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: J. Stuart Garbutt of Meckler, Bulger & Tilson and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A

**RESPECTFULLY SUBMITTED,
s/ DAVID A. KLECZEK
David Kleczek Bar Number: 6276591
Attorney for Plaintiff
KLECZEK LAW OFFICE
321 N.E. Madison Ave.
Peoria, Illinois 61603
Telephone: (309) 674-4141
Facsimile: (309) 674-4144
E-mail: dkleczek@netzero.com**

7