**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| SHARON JACKS,            ) | |
|          Plaintiff,              ) | |
|    v.                                  ) | |
|                                          ) | Case No. 04-2230 |
| CONAIR CORPORATION,  ) | |
|                                          ) | |
|          Defendant.            ) | |

## ORDER

On November 22, 2005, the Court entered an Order (#17) granting Defendant Conair Corporation's Motion to Compel Discovery Responses and Assess Sanctions (#15). On December 19, 2005, the Court conducted a hearing regarding sanctions. At the conclusion of the hearing, Defendant was directed to file an affidavit regarding attorney fees. Plaintiff was granted until December 23, 2005, to respond. Both parties have filed written submissions pursuant to the Court's order.

There is no dispute regarding the hourly rate charged. According to the record, the usual billing rate of Attorney J. Stuart Garbutt is $350. However, the fees sought herein are based upon a reduced rate of $250 per hour. The rate of Attorney Yukyong Choi is $200 per hour.

The parties' dispute centers around the total hours claimed. Plaintiff has made specific objections regarding the hours claimed for various tasks described in the Affidavit of J. Stuart Garbutt (#22). The Court will refer to the outline of hours contained in that affidavit in resolving the dispute.

With respect to category a., the Court agrees that the time required to generate the September 27, 2005, letter was not reasonable. For example, it should not take a fourth year associate worthy of charging $200 per hour one-half hour to revise a letter that took one hour in the first place. Over two hours of experienced attorney time to produce the letter in question is not reasonable. The Court finds .7 hours of Attorney Choi's time and .3 hours of Attorney Garbutt's time as a reasonable time for generating the letter.

In category b., the Court agrees that the time reflected is not reasonable for the production of the motion and supporting memorandum. The Court has reviewed the motion and supporting memorandum and found the 3.40 hours on 10/20/05 and .7 hours on 10/25/05 reasonable for the drafting and revision of the motion and memorandum. Further, the 1.50 hours of research is reasonable. It is not unreasonable to have the associate review the document but a reasonable review would not require more than .50 hours. The Court's award of attorney fees will reflect that reduction.

In category c., the Court will award a total of .50 hours for the combination of reviewing the Court's Order and conferring with opposing counsel. The outline does not describe those tasks as clearly as the copy of the invoice attached. With regard to the court appearance, the Court will proceed in conformity with fn. 1 at p. 3 of the Garbutt Affidavit and find a total of 2.00 hours reasonable for the hearing and round trip travel from Rantoul to the courthouse.

With respect to item d., the Court disagrees with Plaintiff's counsel regarding Defendant's ability to recover fees for this element of the work necessitated by Plaintiff's failure to respond to discovery. This is part of the work required in bringing the motion. There is more to the drafting of the affidavit than initially meets the eye. Clearly, it was necessary to do more than print past billings. The affiant had to review the billing records and delete items that did not pertain to the motion to compel. According to the Affidavit, time was spent eliminating redundant charges. The Court believes that a reasonable amount of time to prepare the Affidavit is 2.00 hours.

After the modifications summarized above, the Court finds that Defendant is entitled to reimbursement for 8.9 hours of Attorney Garbutt's time totaling $2,225. and 2.7 hours of Attorney Choi's time totaling $540. The Court now awards attorney fees in the amount of $2,765 and taxes the same against Plaintiff.

ENTER this 2nd day of February, 2006.

                s/ DAVID G. BERNTHAL
                U.S. MAGISTRATE JUDGE