E-FILED
Wednesday, 29 March, 2006 02:33:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON JACKS, Plaintiff, v. CONAIR CORPORATION, Defendant. | ) ) ) ) ) ) ) ) ) | Case No. : 04-2230<br>Judge Michael P. McCuskey<br>Magistrate Judge David G. Bernthal |

**AFFIDAVIT**

I, Martha Jo Scott, first being duly sworn on oath, depose and state as follows:

1. I make this Affidavit on personal knowledge and, if called as a witness, I can competently testify to the matters contained herein.

2. Although my name is Martha, I generally use my middle name, "Jo," in both written and oral communications.

3. I am a registered nurse and was employed by Central Illinois Neuro Health Sciences, located at 1015 S. Mercer Avenue in Bloomington, Illinois, 61701, between the dates of March 2002 and November 10, 2005.

4. In addition to the clinic facility located at 1015 S. Mercer Avenue in Bloomington, Illinois 61701, Central Illinois Health Sciences also maintains a clinic located in Clinton, Illinois, which is visited by the physicians and their nurses.

5. During my employment with Central Illinois Neuro Health Sciences, my job functions included assisting Dr. Keith A. Kattner, D.O., a physician at Central Illinois Neuro Health Sciences.

PLAINTIFF'S
EXHIBIT
1

RECEIVED MAR 0 2 2006

6. In June of 2003, one of my job duties was to answer telephone calls from patients as a "phone nurse." The function of a "phone nurse" is to provide a direct medical response to patient inquiries when physicians and their nurses are seeing patients or otherwise unavailable.

7. In the normal and ordinary course of my employment with Central Illinois Health Sciences, I created and maintained notes of all telephone conversations with patients. These notes reflected the substance of my discussions, including any follow-up actions, where applicable.

8. I entered my notes either directly in the patient's chart as a "Progress Note" or into an electronic "Work Clinical Tasks" database, where each time and dated entry was authenticated by my electronic signature, "JoScott RN," or "Created by Jo." When I created supplemental entries in the "Work Clinical Tasks" database, I wrote "see phone notes" in the Progress Notes section of the patient's chart.

9. The attached documents, Exhibits 1-4, accurately reflect conversations relating to the treatment and care of Mr. Kenneth Jacks, who was at the time, a patient of Central Illinois Neuro Health Sciences. Exhibits 1-3, are true and authentic copies of the Work Clinical Tasks created by me on the dates of June 9 and June 10, 2003. Exhibit 4 is a true and correct copy of the Progress Notes maintained in Mr. Jacks' file for the period of June 6, 2003 to June 11, 2003.

10. On June 9, 2003, I received notice that Mr. Jacks' wife, Sharon Jacks, had telephoned the clinic asking us to contact her employer, Conair, regarding an FMLA certification form relating to the care of her husband. *See Exhibit 1, 06/09/03, 15:20.*

11. As reflected in my notes of June 9, 2003, I contacted Ms. Stephanie Burris, a human resources representative at Conair, who wanted clarification regarding information stated on an FMLA certification form regarding the care of Ms. Jacks' husband. Specifically, Ms.

Burris wanted to know whether Mr. Jacks' condition required 24-hour care or whether his medication and surgical condition only restricted his ability to drive. *See Exhibit 1, 06/09/03 15:20.*

12. Upon an independent review of the status of Mr. Jacks' surgery and medical condition as stated in his medical chart, and in consultation with Dr. Kattner, I confirmed that Mr. Jacks did not require constant care. Therefore, as reflected in my June 9, 2003 notes, I told Ms. Burris that Mr. Jacks only required transportation by his wife, not full-time care. *See Exhibit 1, 06/09/03 15:20.*

13. Later on June 9, 2030, I received a call from Ms. Jacks. Ms. Jacks asked the clinic to change the FMLA form to state that she needed to care for her husband on a full-time basis. However, I told her that the completed form accurately reflected her husband's medical condition and that it would stand as written because Mr. Jacks could stay home alone, but should not drive. After talking with Ms. Jacks, I updated my notes in the Work Clinical Task database. *See Exhibit 1, 06/09/03 15:38.*

14. The next day, I spoke again to Ms. Jacks regarding the FMLA form completed by the clinic. I again told Ms. Jacks that upon review with Dr. Kattner, her husband did not require full-time care, that she might need to take off work to take her husband to scheduled appointments, but that "other needs could be handled before and after work." *See Exhibit 2, 06/10/03 09:10.*

15. Approximately twenty minutes later, I received a call from Dr. Kattner's nurse, Karen Stoller, who stated that Ms. Jacks had attempted to reach Dr. Kattner at the remote clinic in Clinton, Illinois and reportedly threatened his other nurse, Rita Karczewski. Therefore, I called the Jacks' residence, and told Mr. Jacks that patients were not to contact the clinics

directly and again stated that the FMLA form was correct as written. *See Exhibit 2, 06/10/03, 09:30.*

16. I then attended a meeting with Karen Stoller, Rita Karczewski, and Karen Sager, Director of Clinical Operations. Dr. Kattner had directed me to "blacktape" Mr. Jacks' chart. A "blacktaped" chart means that the patient will no longer be seen at the clinic. All pending appointments are cancelled, and all telephone inquiries are referred to the Director of Clinical Operators or the Administrator, who was at the time Mercedes Inman.

17. On June 10, 2003, I noted in both the Work Clinical Tasks electronic database and in Mr. Jacks' Progress Notes that his chart was "blacktaped," and that no return visits were to be scheduled. Based on the meeting with Karen Sager, I am also personally aware that Mr. and Ms. Jacks received notice, both orally and in writing, that Dr. Kattner would not see Mr. Jacks again. *Exhibit 3, 06/10/03, 14:52, Exhibit 4, 6/10/03, 6/11/03.*

19. The progress notes for the period of June 9, 2003 to June 11, 2003, in combination with my phone notes in the Work Clinical Tasks Database, accurately reflect my recollection of the events relating to the FMLA certification form completed by Central Illinois Neuro Health Sciences, my conversations regarding Ms. Jacks employment, and the reason for the termination of the patient relationship between Central Illinois Neuro Health Sciences and Mr. Jacks. *See Exhibits 1-4.*

FURTHER AFFIANT SAYETH NOT.

Martha Jo Scott RN

MARTHA JO SCOTT, RN

SUBSCRIBED AND SWORN TO BEFORE ME THIS 21 DAY OF FEBRUARY, 2006.

NOTARY PUBLIC

"OFFICIAL SEAL"
Andrew S. deWeerd
Notary Public, State of Illinois
McLean County
My Commission Expires July 6, 2009

N:\4161\pleading\AFF-Scott.doc

User #: 48 WORK CLINICAL TASKS [Jo]
Case # :
[WORK ISSUES]

| Pri | Date | Patient | Name | Description | Rem | Type |
|---|---|---|---|---|---|---|
| 2 | 06/09/03 | 27692.0 | JACKS, KENNETH | WORK ISSUES | Y | WORK |

Rita:
1520: Gail from Foundation got a call from Mrs. Jacks requesting this office call Stephanie Burris at 217-892-8400 at Conair about the FMLA forms. Mrs Jacks was asking to be home with her husband 24hours/day and would lose her job if not clarified. Call to above number and Stephanie wanted to know if Mrs. Jacks could be gone from work only to transport her husband. Stephanie was told that patient could be alone on medication, but not drive. JoScott RN.
Created By Jo On Mon Jun 09 15:38 2003 ( 48)
Call from Mrs Jacks stating they had been gone most of the day to court, getting insurance info, and running around. She wanted to know if call had been made to Stephanie as above. Mrs Jacks was told the form was completed as requested and it stands as written. Mr Jacks can stay alone on meds prescribed and she could transport him to appts since he should not drive. She was encouraged to listed to message left on home machine by Stephanie and then call her with any questions. Mrs Jacks hung up. JoScott RN

(W)indow View, (A)dd, (F)orward, (C)omplete, (O)ptions, or <Enter> to Work : .

FacetWin Screen Print for lynn, from "Medical Manager" 6/10/2003 10:02:39 AM

User # : 48
Case # :

WORK CLINICAL TASKS [Jo]

[WORK ISSUES]

| Pri | Date | Patient | Name | Description | Rem | Type |
|---|---|---|---|---|---|---|
| 2 | 06/10/03 | 27692.0 | JACKS, KENNETH | WORK ISSUES | Y | WORK |

0910: Call from Sharon Jacks who again told this nurse that the FMLA forms Rita filled out were not correct in that Karen Stoller had said she could be off to take care of her husband. Sharon was told that the off-work time was for taking her husband to appts, but that other needs could be handled before and after work. Sharon stated she lost her job because she did not go yesterday(see 6/9 note) Sharon was told that the message would be give to KAK staff upon their return this afternoon.
0930: Call from Karen Stoller who stated Sharon called the CLinton clinic and wanted clarification. Returned call to Sharon but husband answered phone. It was explained that clinics are not to be called and the FMLA form is correct The time off from her job was to be for transportation to appts. Mr Jacks stated he was unhappy with the office and would seek care elsewhere. Pt was assured that only the best care was desired for him
Created By Jo On Tue Jun 10 09:52 2003 ( 48)

| Pri | Date | Patient | Name | Description | Rem | Type |
|---|---|---|---|---|---|---|
| 2 | 06/09/03 | 27692.0 | JACKS, KENNETH | WORK ISSUES | Y | WORK |

(N)ext, (P)rev, (H)ardcopy, (R)emarks off, (D)etail, or (O)ptions : .

```
User # : 48                    WORK CLINICAL TASKS                          [Jo]
Case # :
Doctor : 2                                                    [KEITH KATTNER  DO]
[Misc.]
 Pri   Date     Patient   Name                 Description              Type

  3  06/10/03  27692.0   JACKS, KENNETH        Misc.                    MISC
[Remarks]
 KAK informed of all conversations and notes of 6/9 and 6/10.  Per KAK
 blacktape chart, no return visits, all inquiries to KarenRae or Mercedes.  All
 documentation to chart.                                   JoScott RN
 Created By Jo                                On Tue Jun 10 14:52 2003 ( 48)
 ...............................................................................

   EDIT MODE                  <Process> to Save, or <Exit>
```

**PROGRESS NOTES**

| Date | | |
|---|---|---|
| 6-6-03 | | FMLA papers for Sharon Jacks ~~mailed~~ error RK 6-6-03 faxed to Conau 217-892-2479. RKaczewski RJ |
| 6/9/03 | | Sephone note —— J Scott RN |
| 6/10/03 | | Sephone notes —— J Scott RN |
| 6/10/03 | | Per KAK - chart is to be flagged, no F/u visits. See all phone notes —— J Scott RN |
| 6/11/03 | KDS | Per Dr KAK nurses & The phone nurse, Jo, Mrs. Jacks has threatened Dr KAK nurse, Rita K. I have reviewed with Jo Scott, Karen Staller, & Rita K. this issue & have called & talked w/ Mrs Jacks. I did tell her that we would be glad to fax over an excuse for the one week but the FMLA form will stand as is as it is completed correctly. Kenneths appt has been cancelled & Dr Kattner will not see him again & he is to return to Dr Thatcher, She understood I told her that we take threats seriously & have to think of our employees well being. Karen Sager, OM |
| 6/17/03 | | ~~Release from care letter sent. M Moran~~ MM |

# MECKLER BULGER & TILSON LLP

Eileen E. Baker
Scott W. Bates
Jeffrey A. Berman
Anne L. Blume
Brian W. Bulger
Jack J. Carriglio
Janet R. Davis
John E. DeLascio
Karen M. Dixon 8
J. Stuart Garbutt
Paul R. Garry
Gary L. Gassman
Brent J. Graber
J. Robert Hall
Rebecca R. Haller
Brett D. Heinrich
Christopher S. Hennessy
James J. Hickey
Richard A. Hodyl, Jr.
James H. Kallianis, Jr. 1
Christopher E. Kentra
Philip R. King
Mari Henry Leigh 10
Michael I. Leonard
Michael S. Loeffler
Eric E. Lynch 9
Michael M. Marick 3
Bruce R. Meckler
Steven D. Pearson
Pamela G. Perrone
Alan M. Posner
Don R. Sampen
Jason R. Schulze
Scott M. Seaman
Mark J. Seplak
Clark M. Stalker
Jerome C. Studer
Joseph E. Tilson
Julie L. Trester
Peter J. Valeta
Matthew R. Wildermuth
Brian J. Williams
Timothy A. Wolfe

Of Counsel
Alex V. Barbour
John K. Daly 2
Ziyad I. Naccasha 1
Thomas J. O'Brien
Peter Petrakis
Georgene M. Wilson

123 North Wacker Drive
Suite 1800
Chicago, Illinois 60606
Telephone: 312-474-7900
facsimile: 312-474-7898
Web Site: www.mbtlaw.com
Direct Dial: (312) 474-7976
E-mail: kerry.davidson@mbtlaw.com

Robert J. Ambrose
James G. Argionis
Phillip K. Beth 5
Lauren W. Blatt
Mark E. Bojan
David D. Brown
Robert E. Browne, Jr. 11
Matthew E. Cohn
Jocelyn F. Cornbleet
W. Andrew Dalton 4
Seth E. Darmstadter
Kerry L. Davidson
Erica N. Dew
Victoria Dizik
Mitchell J. Edlund
Sharon E. Ferguson
John G. Foreman
Elizabeth J.M. Fulton
Megan E. Garvey
Lynn Geerdes-Lugo 6
Jeremy J. Glenn
Carrie L. Graziani
Jeffrey B. Greenspan
Allen Grgurovic
Andrew M. Hutchison
J. Aaron Jensen
Melissa A. King
Charlotte S. Kormendy
Jonathan D. Lichterman
Chad W. Main
Sandra J. McMullan
Douglas W. Michaud
Eric E. Newman
Jennifer J. Pomaranski
Jacob M. Rubinstein
E. Lynette Stafford 7
Richard S. Thomas
Sara G. Uffelman
Rachel S. Urquhart
Timothy J. Walsh
Kristen A. Weisse
Anna Wermuth

1 Also Admitted in California
2 Also Admitted in Colorado
3 Also Admitted in Florida
4 Also Admitted in Georgia
5 Also Admitted in Indiana
6 Also Admitted in Iowa
7 Also Admitted in Minnesota and Wisconsin
8 Also Admitted in Nebraska
9 Also Admitted in New York and New Jersey
10 Also Admitted in Ohio
11 Also Admitted in Wisconsin

March 27, 2006

***Via Facsimile & U.S. Mail***
David A. Kleczek, Esq.
Kleczek Law Offices
321 NE Madison
Peoria, Illinois 61603

**Re: Sharon Jacks v. Conair Corporation**
**Case No.: 04-2230 (Central Dist. of Ill., Urbana Div.)**

Dear Mr. Kleczek:

We are in receipt of a copy of the subpoena you issued to Dr. Keith Kattner of Central Illinois Neuro Health Sciences. Pursuant to Judge McCuskey's February 9, 2005 Order, the subpoena is inappropriate because discovery closed in this matter on March 1, 2006. A copy of the February 9, 2005 Order is attached to this letter for your review. You have not requested an extension of the discovery deadline and Conair does not agree that there is any good cause to do so at this point. As you are aware, the summary judgment deadline is May 1, 2006.

Because your subpoena and notice of deposition violate the Court's scheduling order, Conair is requesting that you immediately withdraw them. If you do not, Conair will have no alternative but to seek to quash the subpoena and move for a protective order. We certainly hope we can avoid incurring any further litigation costs and the need for judicial intervention. Please do not hesitate to contact me if you wish to discuss this matter.

Sincerely,

Kerry Lin Davidson

CM/kld
cc: John L. Glueck
J. Stuart Garbutt
Dr. Keith Kattner

N:\4161\corres\kleczek015kld.doc

PLAINTIFF'S
EXHIBIT
2

E-FILED
Wednesday, 09 February, 2005 02:10:41 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHARON JACKS, Plaintiff,

v.

CONAIR CORPORATION, Defendant,

No. 04-2230

**DISCOVERY ORDER**

A discovery conference was held by telephone on February 8, 2005, pursuant to FRCP 16 and Local Rule 16.2(A). The plaintiff appeared by David A. Kleczek of Kleczek Law Office and the defendant appeared by J. Stuart Garbutt of Meckler, Bulger & Tilson. Deadlines were proposed and approved by the Court.

**WHEREFORE, IT IS ORDERED:**

1. The deadline for amendment of pleadings is **November 1, 2005.**

2. The deadline for joining additional parties is **November 1, 2005.**

3. The plaintiff shall disclose experts and provide expert reports by **December 1, 2005.** Plaintiff shall make any such experts available for deposition by **February 1, 2006.**

4. The defendant shall disclose experts and provide expert reports by **December 1, 2005.** Defendant shall make any such experts available for deposition by **February 1, 2006.**

5. All discovery, including deposition of experts, is to be completed by **March 1, 2006.**

6. The deadline for filing case dispositive motions shall be **May 1, 2006.**

7. This matter is scheduled for a *final pretrial conference* before the undersigned on **August 31, 2006 at 2:30 p.m.**

8. This matter is scheduled for *bench trial* before the undersigned beginning at **9:00 a.m., September 11, 2006.** Case has a #2 setting.

ENTERED this __9th__ day of February, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF JUDGE