UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHARON JACKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. : 04-2230 |
| ) | |
| CONAIR CORPORATION, ) | Judge Michael P. McCuskey |
| ) | Magistrate Judge David G. Bernthal |
| Defendant. ) | |

**DEFENDANT CONAIR CORPORATION'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

Defendant Conair Corporation ("Conair"), in opposition to Plaintiff's Motion for Enlargement of Time, hereby states as follows:

1.  Plaintiff filed this lawsuit over a year ago alleging a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2611, *et. seq.* *See* Dkt. No. 1.

2.  On February 9, 2005, this Court entered an Order setting a discovery closure date of March 1, 2006. That Order also made dispositive motions due May 1, 2006, set a final pretrial conference for August 31, 2006, and trial for September 11, 2006. Dkt. No. 12 at ¶5. Plaintiff acknowledges that Order in Plaintiff's Motion for Enlargement of Time at ¶1.

3.  Nevertheless, after a year of discovery and almost a month after discovery closed, Plaintiff now has moved to reopen discovery to allow her to "investigate" what she describes as "newly served information," consisting of a single affidavit Conair obtained and produced from an ex-employee of the clinic that treated Plaintiff's husband and filled out the FMLA Certification form that lies at the heart of Plaintiff's case.

4.  At the very outset of this litigation, in Plaintiff's *own Complaint,* she alleged that her husband's physician, Dr. Kattner of Central Illinois Neuro Health Sciences, "faxed to Conair

Corporation a completed Certification of Health Care Provider" form. According to the Complaint, that completed Certification was sufficient to authorize her absence from work under the FMLA. Thus, from the outset of this litigation Plaintiff has made the facts relating to the Certification crucial to her claims. *See* Dkt. 1 at ¶7-8.

5. On January 31, 2005, Plaintiff served Conair with her Rule 26 Disclosures, identifying both Dr. Kattner *and "all personnel working with Dr. Kattner"* as individuals likely to have relevant information. Similarly, Conair's Rule 26 Disclosures, dated February 7, 2005, stated: "Dr. Kattner, Mr. Jacks' treating physician, *and perhaps other personnel with his office,* will likely have discoverable information regarding Mr. Jacks' alleged medical condition in or about June 2003 that Plaintiff claims qualified her for leave under the Family and Medical Leave Act." Copies of the parties' Rule 26 Initial Disclosures are hereto attached as **Exhibit A**.

6. During discovery, Plaintiff initially thwarted Conair's efforts to obtain information relating to the medical treatment of Plaintiff's husband and the circumstances surrounding the FMLA Certification. For example, Conair sent Plaintiff a HIPAA release which Conair hoped to use to try to obtain medical records from Dr. Kattner's office, but Plaintiff never provided the signed release. Eventually, Conair had to move to compel Plaintiff's production of relevant documents and proper answers to Conair's interrogatories. *See* Dkt. No. 17 (Court's order granting Conair's motion to compel).

7. On January 17, 2006, Conair took Plaintiff's deposition. In her deposition, Plaintiff testified that Dr. Kattner had told her that "his nurse would take care of" the FMLA medical certification form. Plaintiff also testified that she then handed the form to a nurse at the clinic. **Exhibit B**, Jacks dep. 59:14-62:13. Plaintiff also testified that, after Dr. Kattner's nurse

faxed the completed FMLA Certification to Conair, Plaintiff called Dr. Kattner's office and spoke to the nurse seeking a change to what was stated on the document. Plaintiff testified:

> Q: And did you call the office?
> A: I called them.
> Q: Who did you talk to?
> A: I believe one of the nurses.

See Jacks dep. 68:18-70:6.

8. Conair's Human Resource Manager, Stephanie Burris, also gave a deposition in January, in which she testified that she also spoke to a "nurse Jo from Dr. Kattner's office" who confirmed Ms. Burris' understanding of information set forth by the clinic on the completed FMLA Certification. **Exhibit C**, Burris Dep. 83:5-86:18.

9. Because both Plaintiff and Ms. Burris testified to having spoken to a nurse at Dr. Kattner's clinic to clarify what the clinic stated on the FMLA Certification, and because Ms. Burris thought the nurse was named "Jo," Conair contacted the clinic and on January 27, 2006 served a subpoena on the clinic requesting documents relating to Dr. Kattner's nurse known as "Jo." At the same time, Conair served a copy of the subpoena, together with Conair's cover letter to Dr. Kattner's clinic, on Plaintiff's counsel. A copy of this correspondence is hereto attached as **Exhibit D**.

10. Through those efforts, Conair eventually was able to learn the whereabouts of the nurse, Jo Scott, and obtain her affidavit regarding the completion of Plaintiff's FMLA Certification and her conversation with Plaintiff and Conair's Ms. Burris about the Certification. Conair then promptly furnished a copy of the affidavit and its exhibits to Plaintiff, as Plaintiff acknowledges in her Motion for Enlargement of Time.

11. Thus, not only did Conair not conceal from Plaintiff that personnel of Dr. Kattner's clinic might have relevant information -- indeed, Plaintiff knew that from the beginning -- but Conair kept Plaintiff informed of its efforts to discover information from the clinic and its personnel. Since Plaintiff knew that Dr. Kattner's clinic and its nurse had relevant information, and since after all that clinic was Plaintiff's husband's medical provider, the clinic's evidence relating to this case was at least as available to Plaintiff as to Conair. Therefore, Plaintiff easily could have pursued such evidence while discovery was open, as Conair did.

12. Consequently, the record refutes Plaintiff's claim that reopening discovery is necessary to prevent a "substantial injustice." To the contrary, reopening discovery less than a month prior to the date for dispositive motions (May 1, 2006), which almost surely will require moving back that date, and in turn likely disturb the existing pretrial and trial dates, would be prejudicial and unfair to Conair. *See, Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (Rule 16(b)'s "good cause" should consider the diligence of the party seeking amendment of a scheduling order).

13. Although Plaintiff claims that she asked Dr. Kattner's office for a complete file relating to her husband's medical care before she filed this action, but did not receive some the notes obtained by Conair, she fails to indicate how she framed this request, which was apparently either not broad or reasonably specific enough. In any event, her own belief that she has been sufficiently "diligent" does not excuse her failure to follow up with the clinic during discovery, particularly when she clearly knew all along that both she and Conair had engaged in conversations with the clinic about the FMLA Certification of Health Care Provider form, wholly apart from her husband's medical care.

4

14. Further, there is no need to extend discovery based on Plaintiff's otherwise unsupported allegation that Conair has not fully complied with Plaintiff's previous discovery requests. (*See* Pl. Motion for Enlargement of Time at ¶13, 14.) Conair denies that it has not fully complied but, in any event, if Plaintiff finds Conair's responses lacking, her remedy lies in a motion to compel, not in a re-opening of discovery.

15. In short, the Court should not reopen discovery to permit Plaintiff belatedly to "investigate" matters that she knew of even before she filed her complaint, and which she could have investigated during the year discovery was open by undertaking the same efforts as Conair. *See* FED. R. CIV. P. 16(b); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002) (declining to reopen discovery because parties should "abide by scheduling orders to ensure prompt and orderly litigation").

WHEREFORE, Defendant Conair respectfully requests that the Court deny Plaintiff's Motion for Enlargement of Time.

Respectfully submitted,

CONAIR CORPORATION

Date: April 7, 2006     By: *s/ Kerry Lin Davidson*
Kerry Lin Davidson Bar Number: 6277341
Attorney for Defendant
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Chicago, Illinois 60606
Tel: 312/474-7900
Fax: 312/474-7898
email: kerry.davidson@mbtlaw.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHARON JACKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. : 04-2230 |
| | ) |
| CONAIR CORPORATION, | ) Judge Michael P. McCuskey |
| | ) Magistrate Judge David G. Bernthal |
| Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I, Kerry Lin Davidson, an attorney, certify that on April 7, 2006, **Defendant Conair Corporation's Response in Opposition to Plaintiff's Motion for Enlargement of Time** was served by the ECF system upon:

> David A. Kleczek
> Kleczek Law Offices
> 321 NE Madison
> Peoria, Illinois  61603

By:  *s/Kerry Lin Davidson*

Kerry Lin Davidson
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Chicago, Illinois  60606
Tel:    (312) 474-7900
Fax:    (312) 474-7898

N:\4161\pleading\COS-RespOppMotEnlargeTime.doc