**E-FILED**
Monday, 10 April, 2006  11:26:24 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
#### Urbana Division

| | |
|---|---|
| SHARON JACKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Case No. 04-2230 |
| | ) |
| CONAIR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S REQUEST TO PRODUCE TO DEFENDANT

**NOW COMES** Plaintiff, SHARON JACKS, by and through her attorneys,
KLECZEK LAW OFFICE, and requests the Defendant, CONAIR CORPORATION,
produce the following items for inspection, copying, reproducing and photographing,
within twenty-eight (28) days, at KLECZEK LAW OFFICE, 321 N.E. Madison Avenue,
Peoria, Illinois 61603, all in accordance with Rule 34 of the Federal Rules of Civil
Procedure.

If claiming any of the information requested is privileged, identify the privilege
asserted and identify the nature of the material claimed privileged.

### DEFINITIONS

**Document(s):** As used herein, this term refers, without limitation, to: (1) all
books, insurance policies, premiums, declaration pages, settlement documents, ledgers,
statements of account, memoranda, papers, notes, minutes, manuals, manuscripts, reports,
travel reports, service bulletins, safety records, consumer complaints, fire investigation
reports, warning notices, investigation papers, recommendations, product testing,
vouchers, photographs, drawings of any kind, layouts, artwork, tracings, blueprints,
service bulletins, service invoices, service manual, operator's manual, owner's manual,
parts manual, sketches, charts, schematic designs or diagrams, catalogs, brochures,
contracts, agreement, letters of understanding, assignments, licenses, orders, statements,
computation sheets, papers, files, bills, checks, ledgers, interoffice communications,
telexes, telegrams, invoices, printouts, correspondence or similar items, or portions
thereof; (2) any derivative, alternate or substitute form of the foregoing, such as



PLAINTIFF'S
EXHIBIT
A

computer, video, or audio tapes, or films, magnetic disks, microfilm, microfiche, etc; (3) all drafts of any of the foregoing; and (4) all copies of the foregoing bearing any notations not appearing on the original.

**Regarding, Relating To and/or Related To:**    As used herein, whether capitalized or not, these terms and/or their equivalent means, in regard to any given matter, any document and/or object that constitutes, contains, discusses, embodies, reflects, identifies, states, refers to, concerns and/or is in any way pertinent to that matter and/or occurrence.

**Claim(s):** As used in these Interrogatories refers to not only claims filed with courts and/or arbitrators but also claims resolved without filing a lawsuit or demand for arbitration.

**Defendant(s):**    For these interrogatories means Conair Corporation, its successors, assigned agents, adjustors and/other employees.

1.    Produce all documents listed in Defendant's Rule 26(a)(1)(b) Disclosure.

2.    Produce all documents relating to communications between Stephanie

Burris and other persons relating to Sharon Jacks.

3.    Produce all documents relating Sharon Jacks time off work whether

excused or unexcused by Defendant.

4.    Produce Defendant's absenteeism policy.

5.    Produce Defendant's FMLA policy.

6.    Produce all documents relating to Sharon Jacks' husband's medical

condition which is the subject of Mrs. Jacks' FMLA claim.

7.    Produce all documents relating to notices or correspondence to Sharon

Jacks relating to Mrs. Jacks' FMLA claim, rights, or medical certification.

8.    Produce all documents relating to Mrs. Jacks' termination in June 2003.

**SHARON JACKS,**
Plaintiff,

By: _____

**DAVID A. KLECZEK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Plaintiff's Request to Produce to Defendant** was served upon the attorneys of record in this matter by depositing copies of same enclosed in envelopes addressed as follows:

J. Stuart Garbutt
Meckler, Bulger, & Tilson
123 N. Wacker Drive Suite 1800
Chicago, Illinois 60606

and by depositing said envelopes with first-class postage fully prepaid in the U.S. Mail at Peoria, Illinois on the 24th day of November, 2005.

Denise A. Christenson

**KLECZEK LAW OFFICE**
**321 N.E. Madison Ave.**
**Peoria, Illinois 61603**
**Telephone: (309) 674-4141**
**Facsimile: (309) 674-4144**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SHARON JACKS,                          )
                                       )   Case No. : 04-2230
              Plaintiff,               )
                                       )   Judge Michael P. McCuskey
       v.                              )   Magistrate Judge David G. Bernthal
                                       )
CONAIR CORPORATION,                    )
                                       )
              Defendant.               )

## DEFENDANT'S OBJECTIONS AND
## RESPONSES TO PLAINTIFF'S REQUEST TO PRODUCE

Defendant Conair Corporation ("Conair") hereby responds to Plaintiff's Request To

Produce To Defendant, as follows:

### Request No. 1

Produce all documents listed in Defendant's Rule 26(a)(1)(b) Disclosure.

### Response No. 1

Conair will produce the requested documents.

### Request No. 2

Produce all documents relating to communications between Stephanie
Burris and other persons relating to Sharon Jacks.

### Response No. 2

Conair objects to this Request insofar as it may call for documents reflecting

communications between Ms. Burris, who is Conair's Human Resource Manager, and Conair's

attorneys regarding Ms. Jacks claims, as such documents are shielded from discovery by the

attorney-client and/or the attorney work product privilege. Otherwise, all such documents are

among those being produced by Conair.



PLAINTIFF'S
EXHIBIT
B

### Request No. 3

Produce all documents relating [sic] Sharon Jacks time off work whether excused or unexcused by Defendant.

### Response No. 3

Such documents are included in Ms. Jacks' personnel records, which are being produced.

### Request No. 4

Produce Defendant's absenteeism policy.

### Response No. 4

A copy of Conair's attendance rules is included in Ms. Jacks' personnel records, which

are being produced.

### Request No. 5

Produce Defendant's FMLA policy.

### Response No. 5

A specific FMLA policy does not exist.

### Request No. 6

Produce all documents relating to Sharon Jacks' husband's medical condition which is the subject of Mrs. Jacks' FMLA claim.

### Response No. 6

Apart from documents in Ms. Jacks' personnel records, which are being produced, the

only records concerning Mr. Jacks' medical condition in Conair's custody are those that have

been furnished to Conair by Ms. Jacks in connection with this litigation.

### Request No. 7

Produce all documents relating to notices or correspondence to Sharon Jacks relating to Mrs. Jacks' FMLA claim, rights, or medical certification.

2

### Response No. 7

Conair objects to this Request insofar as it may call for communications between Conair

and its attorneys "relating to notices or correspondence to Sharon Jacks relating to" her claims.

Otherwise, documents constituting or relating to Conair's communications to Ms. Jacks are

included in the personnel records being produced.

### Request No. 8

Produce all documents relating to Mrs. Jacks' termination in June 2003.

### Response No. 8

Conair objects to this Request insofar as it may call for documents that are shielded from

discovery by the attorney-client or attorney work product privileges. Otherwise, such documents

are within Ms. Jacks' personnel records, which are being produced.

Respectfully submitted,

CONAIR CORPORATION

By: _____
      One of its attorneys

Date: January 16, 2006

Joseph E. Tilson, Lead Counsel
J. Stuart Garbutt
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel:    312/474-7900
Fax:    312/474-7898

N:\4161\discover\prod resp01.doc

3

## CERTIFICATE OF SERVICE

I, J. Stuart Garbutt, an attorney, certify that on January 17, 2006, I served

Defendant's Objections And Responses To Plaintiff's Request To Produce by personal delivery

to her attorneys.

_____
J. Stuart Garbutt

N:\4161\discover\prod resp01.doc