E-FILED
Wednesday, 19 April, 2006  02:18:05 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **SHARON JACKS,** )  | |
|         **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 04-2230** |
| **CONAIR CORPORATION,** ) | |
| ) | |
|         **Defendant.** ) | |

# ORDER

This complaint was filed on October 26, 2004. On February 9, 2005, Chief Judge Michael P. McCuskey entered a Discovery Order (#12) which established May 1, 2006, as the deadline for completing all discovery.

On March 29, 2006, Plaintiff filed a Motion for Enlargement of Time (#30). Plaintiff is seeking a sixty-day extension of the now expired deadline for discovery completion. Defendant has filed its written opposition as response (#31).

Two provisions in the Court's local rules apply. The first is CDIL-LR 16.2(D) which states:

> The parties and their counsel are bound by the dates specified in the scheduling order absent a finding of due diligence and good cause for changing said dates.

The other is CDIL-LR 6.1 which provides:

> Any party seeking an extension of time for any reason must file a motion for such extension before the original deadline. Motions filed out of time will be denied, unless the presiding judge determines that such denial would create a substantial injustice. All such motions must state the amount of additional time requested, and must state whether opposing counsel has objection to the motion.

With respect to the former rule, Plaintiff's written submission fails to establish either due diligence on the part of Plaintiff or good cause for changing the date. When the Defendant's response is considered, the conclusion becomes even stronger.

In ¶ 2 of her motion, Plaintiff states, "On March 2, 2006, Plaintiff received additional discovery from the Defendant, Con-Air Corporation relating to an alleged witness, Mary [sic] Jo Scott, R.N. Exhibit "1"." That exhibit is a copy of an Affidavit from Martha Jo Scott, a registered nurse, who was employed by Central Illinois Neuro Health Sciences at the time Plaintiff's husband was a patient being treated by Dr. Keith A. Cattner, D.O., a physician at Central Illinois Neuro Health Sciences. Additional discovery referenced in the motion appears to be similarly related to Central Illinois Neuro Health Sciences. As aptly summarized by Defendant in ¶¶ 4 and 5 of its response (#31), a Certification of Health Care Provider form is central to this case. In her Rule 26(a)(1) disclosures, Plaintiff identified Dr. Keith Cattner and all personnel working with Dr. Cattner as persons who would likely have discoverable information. Nurse Scott would certainly fall within the category of personnel working with Dr. Cattner. Why information contained in or arising from the records of Plaintiff's husband's medical provider should come as a surprise to Plaintiff is not clear to the Court. That Defendant had to track down the information following a reference in Plaintiff's deposition, may reflect diligence on the part of the Defendant, but certainly not on the part of Plaintiff.

With respect to the latter rule, the Court has determined that denial of the motion would not create injustice, substantial or otherwise. To the extent that the result is disadvantageous to Plaintiff, the result is clearly a product of Plaintiff's own failure to thoroughly inquire regarding her own disclosed witnesses.

Accordingly, there is nothing to establish good cause for changing dates. It is clear that the motion is untimely and the Court is not persuaded that denying the motion would create a substantial injustice. Consequently, the Motion for Extension of Time to Complete Discovery **(#30)** is **DENIED**.

ENTER this 19th day of April, 2006.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE