UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHARON JACKS, ) | |
| ) | Case No. : 04-2230 |
| Plaintiff, ) | |
| ) | Judge Michael P. McCuskey |
| v. ) | Magistrate Judge David G. Bernthal |
| ) | |
| CONAIR CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**INDEX OF APPENDICES TO DEFENDANT CONAIR CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 AND CDIL LR 7.1(D)**

1. Complaint and Answer

2. Affidavit of Stephanie Burris

3. Deposition of Sharon Jacks, excerpts and exhibits

4. Deposition of Stephanie Burris, excerpts and exhibits

5. Conair's attendance policy

6. Plaintiff's FMLA Medical Certification Form

7. Affidavit of Martha Jo Scott, R.N. (including exhibits)

8. Electronic case authority cited in supporting memorandum

N:\4161\pleading\Index-Appendices-MSJ.doc

# APPENDIX 1

**Complaint and Answer**

E-FILED
Tuesday, 26 October, 2004 02:59:52 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT
OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| SHARON JACKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 04-2230 |
| CONAIR CORPORATION, | ) ) ) |
| Defendant. | ) |

NOW COMES Plaintiff, SHARON JACKS, by and through her attorneys, KLECZEK LAW OFFICE, and complaining of Defendant, CONAIR CORPORATION, states as follows:

## JURISDICTION

1. This Court has Jurisdiction pursuant to 28 U.S.C. 1331.

2. This action is brought for a violation of the Family and Medical Leave Act, 29 U.S.C. 2611, et. seq.

## FACTS

3. On February 2, 1990, Sharon and Kenny Jacks were lawfully married in the County of Champaign, State of Illinois.

4. At all times relevant to this Complaint, Kenny Jacks and Sharon Jacks were married and each other's spouse.

5. On or about May 29, 2003, Kenny Jacks suffered a serious injury.

6. Beginning on or about May 29, 2003, Kenny Jacks was unable to care for himself in light of his injury.

7. On or about June 3, 2003, Sharon Jacks completed a Certification of Health Care Provider pursuant to the Family and Medical Leave Act of 1993.

8. On or about June 6, 2003, Mr. Kenny Jacks' physician, Dr. Kenneth Kattner, at Central Illinois NeuroHealth Sciences, 1015 S. Mercer, Bloomington, Illinois, faxed to Conair Corporation, a completed Certification of Health Care Provider.

9. On or about June 8, 2003, Defendant, Conair Corporation, terminated Sharon Jacks from employment.

## COMPLAINT

10. Defendant is a foreign corporation doing business in the State of Illinois and is subject to the Family and Medical Leave Act, (FMLA) including the requirements specified in 29 U.S.C. 2612.

12. Prior to June 2003, Sharon Jacks had not asserted any time off pursuant to the FMLA.

13. During all relevant periods, Sharon Jacks was entitled to 12 work weeks of leave to care for her spouse.

14. Sharon Jacks' spouse had a serious health condition.

15. Prior to June, 8, 2003, Defendant was aware Sharon Jacks claimed a leave of absence pursuant to FMLA.

16. The Defendant, Conair Corporation, failed to give written notice of her requirement for a medical certification.

17. The Defendant, Conair Corporation, failed to provide at least 15 days for Sharon Jacks to provide the certification prior to terminating her.

18. The Defendant, Conair Corporation, did not a require a second opinion as to the medical certification provided by Sharon Jacks.

19. As a result, Sharon Jacks was terminated from her employment with Defendant, Conair Corporation.

20. Sharon Jacks sustained losses resulting from her termination, including but not limited to wages, benefits, attorney fees and costs of said suit.

**WHEREFORE**, Plaintiff, SHARON, JACKS, respectfully requests that this Court find in avor, and against Defendant, CONAIR CORPORATION, in an amount equal to total lost wages and benefits, costs of said suit, reasonable attorney fees, reasonable expert witness fees, interest on this amount calculated at the prevailing rate, and an additional amount equaling the preceding funds as liquidated damages, in an amount in excess of $75,000.00 and any other relief that this Court deems fair and just.

SHARON JACKS, Plaintiff,
By: _____
DAVID A. KLECZEK

KLECZEK LAW OFFICE
321 NE MADISON
PEORIA, ILLINOIS 61603
Telephone: (309) 674-4141
Facsimile: (309) 674-4144

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
SHARON JACKS

**DEFENDANTS**
CONAIR CORPORATION

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** CHAMPAIGN
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** CHAMPAIGN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
KLECZEK LAW OFFICE
321 NE Madison
Peoria, Illinois 61603
(309) 674-4141

**ATTORNEYS (IF KNOWN)**
LEGAL DEPARTMENT
CONAIR, INC.
1 Cummings Pt. Rd
Stamford, CT 06902

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☒ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

FMLA - See Complaint

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND $** $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): none
JUDGE _____ DOCKET NUMBER _____

DATE 10-25-04
SIGNATURE OF ATTORNEY OF RECORD [signature]

E-FILED
Monday, 27 December, 2004 03:14:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON JACKS, | ) | |
| Plaintiff, | ) | Case No. : 04-2230 |
| | ) | |
| v. | ) | Judge Michael P. McCuskey |
| | ) | Magistrate Judge David G. Bernthal |
| CONAIR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**CONAIR'S ANSWER
AND AFFIRMATIVE DEFENSES**

FILED
DEC 27 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Defendant CONAIR CORPORATION ("Conair"), by its attorneys Meckler Bulger & Tilson LLP, for its answer to Plaintiff's Complaint, states as follows:

### JURISDICTION

#### Complaint ¶1

This Court has Jurisdiction pursuant to 28 U.S.C. 1331.

#### Answer ¶1

Conair admits that this Court has jurisdiction of Plaintiff's Complaint.

#### Complaint ¶2

This action is brought for a violation of the Family and Medical Leave Act, 29 U.S.C. 2611, et. seq.

#### Answer ¶2

Conair admits that Plaintiff purports to allege a violation of the Family and Medical Leave Act, but denies committing any such violation.

## FACTS

### Complaint ¶3

On February 2, 1990, Sharon and Kenny Jacks were lawfully married in the County of Champaign, State of Illinois.

### Answer ¶3

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint.

### Complaint ¶4

At all times relevant to this Complaint, Kenny Jacks and Sharon Jacks were married and each other's spouse.

### Answer ¶4

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of Plaintiff's Complaint.

### Complaint ¶5

On or about May 29, 2003, Kenny Jacks suffered a serious injury.

### Answer ¶5

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of Plaintiff's Complaint.

### Complaint ¶6

Beginning on or about May 29, 2003, Kenny Jacks was unable to care for himself in light of his injury.

### Answer ¶6

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint.

### Complaint ¶7

On or about June 3, 2003, Sharon Jacks completed a Certification of Health Care Provider pursuant to the Family and Medical Leave Act of 1993.

### Answer ¶7

Conair admits that, on June 3, 2003, Conair gave Plaintiff a certification of Health Care Provider Form to be completed by her husband's health care provider. Conair is without knowledge or information sufficient to form a belief as to if or when Plaintiff completed any portion of the form.

### Complaint ¶8

On or about June 6, 2003, Mr. Kenny Jacks' physician, Dr. Kenneth Kattner, at Central Illinois NeuroHealth Sciences, 1015 S. Mercer, Bloomington, Illinois, faxed to Conair Corporation, a completed Certification of Health Care Provider.

### Answer ¶8

Conair admits only that, late in the day on Friday, June 6, 2003, a Certificate of Health Care Provider form, purporting to have been completed by a health care provider to Kenny Jacks, was faxed to Conair in Rantoul, Illinois.

### Complaint ¶9

On or about June 8, 2003, Defendant, Conair Corporation, terminated Sharon Jacks from employment.

### Answer ¶9

Conair denies the allegations of Paragraph 9 of the Complaint. Further answering, Conair states that, effective June 10, 2003, Conair terminated Plaintff's employment because Plaintiff's refusal to heed Conair's instructions to report for work as scheduled on the afternoon of June 9 called for Plaintiff's third final warning in a year for attendance infractions under

Conair's attendance policy. That third final warning, in turn, required Plaintiff's discharge under the same policy.

## COMPLAINT

### Complaint ¶10

Defendant is a foreign corporation doing business in the State of Illinois and is subject to the Family and Medical Leave Act, (FMLA) including the requirements specified in 29 U.S.C. 2612.

### Answer ¶10

Conair admits that it is a Delaware corporation doing business Illinois and is subject to the Family and Medical Leave Act.

### Complaint ¶12 [sic][1]

Prior to June 2003, Sharon Jacks had not asserted any time off pursuant to the FMLA.

### Answer ¶12

Conair admits the allegations of Paragraph 12 of Plaintiff's Complaint.

### Complaint ¶13

During all relevant periods, Sharon Jacks was entitled to 12 work weeks of leave to care for her spouse.

### Answer ¶13

Conair denies the allegations of paragraph 13 of Plaintiff's Complaint.

### Complaint ¶14

Sharon Jacks' spouse had a serious health condition.

---

[1] Plaintiff's Complaint contains no Paragraph 11.

### Answer ¶14

Conair lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiff's Complaint.

### Complaint ¶15

Prior to June, 8, 2003, Defendant was aware Sharon Jacks claimed a leave of absence pursuant to FMLA.

### Answer ¶15

Conair denies the allegations of paragraph 15 of Plaintiff's Complaint. Further answering, Conair states that, prior to June 8, 2003, Conair knew only that Sharon Jacks had said she would miss some work for her husband and that Conair had given her an FMLA medical certification form to be completed and returned to Conair.

### Complaint ¶16

The Defendant, Conair Corporation, failed to give written notice of her requirement for a medical certification.

### Answer ¶16

Conair denies the allegations of paragraph 16 of Plaintiff's Complaint.

### Complaint ¶17

The Defendant, Conair Corporation, failed to provide at least 15 days for Sharon Jacks to provide the certification prior to terminating her.

### Answer ¶17

Conair denies the allegations of paragraph 17 of Plaintiff's Complaint.

### Complaint ¶18

The Defendant, Conair Corporation, did not a [sic] require a second opinion as to the medical certification provided by Sharon Jacks.

### Answer ¶18

Conair admits the allegations of paragraph 18 of Plaintiff's Complaint.

### Complaint ¶19

As a result, Sharon Jacks was terminated from her employment with Defendant, Conair Corporation.

### Answer ¶19

Conair admits only that Plaintiff's employment was terminated for the reasons stated in Conair's answer to Paragraph 9 of the Complaint. Conair denies that Plaintiff was discharged as a result of seeking any leave from work under the FMLA.

### Complaint ¶20

Sharon Jacks sustained losses resulting from her termination, including but not limited to wages, benefits, attorney fees and costs of said suit.

### Answer ¶20

Conair denies the allegations of paragraph 20 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim for which relief can be granted under the Family and Medical Leave Act ("FMLA"), since it fails to allege that Plaintiff was entitled to leave from work on the date, June 9, 2003, when she refused to work and thereby incurred dismissal under Conair's attendance policy.

2. Plaintiff's complaint is foreclosed because she was not entitled to FMLA leave from her shift on June 9, 2003, the date of the final absence which resulted in her discharge under Conair's policy.

3. Even if Plaintiff could plead and prove a violation of the FMLA, Plaintiff's recovery of any damages in this action is foreclosed or must be diminished because, on information and belief, Plaintiff has failed to mitigate her alleged damages.

4.  Plaintiff in any event is not entitled to a recovery of liquidated damages, because Conair's actions involving Plaintiff were taken in good faith with reasonable grounds for believing they were not in violation of the FMLA.

WHEREFORE, Conair respectfully requests that the Complaint be dismissed in its entirety or that judgment be entered in favor of Conair and against Plaintiff, and that Conair be awarded such further relief as the Court deems just.

Respectfully submitted,

CONAIR CORPORATION

By: s/J. Stuart Garbutt
One of its attorneys

Date: December 22, 2004

Joseph E. Tilson, Lead Counsel
J. Stuart Garbutt
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel:   312/474-7900
Fax:   312/474-7898

N:\4161\pleading\answer.doc

7

# APPENDIX 2

**Affidavit of Stephanie Burris**

## Affidavit of Stephanie D. Burris

Stephanie D. Burris, being first duly sworn, on oath states as follows:

1. My name is Stephanie D. Burris. I reside in Savoy, Illinois. I am competent to testify to the following facts.

2. Since April 2001, I have been employed by Conair Corporation as the Human Resource Manager at Conair's facility in Rantoul, Illinois. At that facility, Conair manufacturers a variety of personal care and beauty products such as shampoos, conditioners, deodorants, lotions and gels.

3. Sharon Jacks was employed at Conair's Rantoul facility as a line operator from May 2001 until June 9, 2003, when Ms. Jacks' employment was terminated under Conair's employee attendance policy.

FURTHER AFFIANT SAYETH NOT.

_____
Stephanie D. Burris

SWORN TO AND BEFORE me
This 1st day of May, 2006.

_____
Notary Public

"OFFICIAL SEAL"
Mary T. Murphy
Notary Public, State of Illinois
My Commission Expires May 18, 2006

N:\4161\miscdata\aff burris01.doc