UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| SHARON JACKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 04-2230 |
| | ) |
| CONAIR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, SHARON JACKS, by and through her attorneys, KLECZEK LAW OFFICE, hereby moves pursuant to Fed. R. Civ. P. 56(a) that the Court grant summary judgment in Sharon Jacks' favor as to liability, with damages to be proven up later at an evidentiary trial. For the reasons described below, there is no genuine issue as to any material fact and Jacks is entitled to judgment as a matter of law.

### I. INTRODUCTION

In May of 2002, Defendant, Con-Air Corporation, hired Sharon Jacks to work in the Rantoul facility. Sharon Jacks continued to work for Con-Air Corporation through May 2003. On May 29, 2003, Sharon Jacks' husband, Kenny Jacks, suffered a serious medical condition which required Mrs. Jacks to care for him.

Mrs. Jacks contacted the Human Resource Manager, Stephanie Burris, on June 2, 2003 and explained to her that she would have to take some off because her husband had suffered an injury. Ms. Burris requested that Sharon Jacks fill out and submit an FMLA Certification, which Mrs. Jacks did and Stephanie Burris received on June 9, 2003.

Ms. Burris determined that the FMLA Certification was approved, but only for intermittent leave. Ms. Burris unilaterally demanded that Sharon Jacks appear for work on June 9, 2003, and her failure to do so would result in her termination. Mrs. Jacks was never afforded the opportunity to submit an updated Certification form prior to her termination. Mrs. Jacks was never consulted nor ever acquiesced to intermittent FMLA leave, as opposed to continuance leave.

On June 10, 2003, Mrs. Jacks was terminated from employment at Con-Air Corporation. Now Sharon Jacks brings this action to enforce her rights under the Family Medical Leave Act. There are no issues of material fact in dispute, and therefore, Sharon Jacks moves this Court for summary judgment in her favor as to liability with damages to be proven up at an evidentiary hearing.

## II. STATEMENT OF UNDISPUTED FACTS

1. Stephanie Burris was and is at all relevant times the Human Resource Manage for Defendant, Con-Air Corporation. (Burris Dep.8:15-22).

2. Con-Air Corporation was at all relevant times an employer covered by the Family Medical Leave Act. Defendant's Answer to Complaint, para. 10

3. Ms. Burris' responsibilities and duties include interviewing, hiring, terminating, and disciplining employees. They also include benefits administration for the employees. (Burris Dep. 11:7-12).

4. Con-Air Corporation has no written or oral policy relating to the Family Medical Leave Act. (Burris Dep.19:4-7; 19:17-18).

5. Sharon Jacks is, and at all relevant times was, lawfully married to Kenny Jacks. (Sharon Jacks Dep. 5:22-23).

6. Sharon Jacks was hired by Con-Air Corporation in May 2001 by Ms. Burris. (Burris Dep. 22:21-23:2). Sharon Jacks worked over 1,250 hours in the twelve month period prior to June 2, 2003. (Affidavit of Sharon Jacks).

7. Sharon Jacks called Stephanie Burris on June 2, 2003 and told Ms. Burris that her husband, Kenny Jacks, had hurt his back and she would need to be off with him. (Burris Dep. 61:10-22; Jacks Dep. 31:7-23). Kenny Jacks had suffered his injury on May 29, 2003. (Jacks Dep. 31:7-23).

8. Mrs. Jacks took off work from June 2 to June 6, 2003. (Jacks Dep. 30:20-22).

9. During the week of June 2 to June 6, 2003 Sharon Jacks talked to Stephanie Burris about taking time off pursuant to the Family Medical Leave Act. (Jacks Dep. 50:5-12).

10. Sharon Jacks filled out a portion of the FMLA request. (Burris Dep. 64:1-4). Mrs. Jacks picked up the FMLA form request from Con-Air Corporation after June 2, 2003. (Burris Dep. 62:10-15).

11. Ms. Burris made an FMLA Certification form available to Sharon Jacks. Sharon Jacks picked up the FMLA from Con-Air Corporation in Rantoul, Illinois and brought it to Dr. Kattner's office requesting him to fill it out and fax it to Con-Air Corporation. (Jacks Dep. 52:1-53).

12. Con-Air Corporation received a faxed document from Dr. Kattner on June 6, 2003. (Burris Dep. 60:18-22). From June 2, 2003 through June 6, 2003 was preliminary approved for FMLA. (Burris Dep. 42:15-21).

13.     The form submitted from Dr. Kattner's office indicated that the medical condition began on May 29, 2003, that the duration of the condition was undetermined and that the next office was June 23, 2003.  (Burris Dep. 65:11-15).

14.     Ms. Burris confirmed the verification of health care provider as attached as Exhibit 12 of the Burris deposition was received by her on June 9, 2003.  (Burris Dep. Exhibit 12, Dep. 63:15-16).  The Certification states "patient will be seeing pain management for injections and then to physical therapy.  (Burris Dep. Exhibit 12).  The Certification also states that the condition "began 5/29/03" and the "duration was undetermined" but that the "next office visit [was] 6/23/03" (Burris Dep. Exhibit 12).

15.     In response to the question "leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety or for transportation?"  (Burris Dep. Exhibit 12).  Dr. Kattner's response was "yes".  *Id*.  Additionally, Dr. Kattner stated "unable to drive due to pain level and medications."  (Burris Dep. Exhibit 12).

16.     The form was signed by Dr. Kattner. (Burris Dep. 67:9-11).

17.     Mrs. Jacks never saw the filled out medical Certification form after she gave it to Dr. Kattner.  (Jacks Dep. 54:6-15).

18.     Kenny Jacks had a serious medical condition as defined by the Family Medical Leave Act.  (Burris Dep. 66:7-67:2).  Con-Air Corporation is not disputing the serious medical condition suffered by Mrs. Jacks. *Id.*

19.     Ms. Burris had approved Mrs. Jacks' FMLA leave.  (Burris Dep. 69:18-20).

20.    Mrs. Jacks was not required to call in sick on Monday, June 9, 2003. (Burris Dep. 70:14-19).

21.    Sharon Jacks told Stephanie Burris that she needed to be off to take care of Kenny Jacks, her husband. (Burris Dep. 73:9-15).

22.    On Monday June 9, 2003, Kenny Jacks was required to go to the Courthouse in Urbana. (Jacks Dep. 64:17-23). Mrs. Jacks was the one that had to drive him. (Jacks Dep. 65:5-17).

23.    On Tuesday, June 10, 2003, Stephanie Burris terminated Sharon Jacks for "job abandonment". (Burris Dep. 76:20-21; 78:9-13, Exhibit 2); (Jacks Dep. 29:1-4; 77:7-11).

24.    On June 9, 2003, in a telephone conversation with Stephanie Burris, Ms. Burris told Mrs. Jacks that the Certification form authorized Mrs. Jacks to be off to transport Kenny Jacks. (Jacks Dep. 67:22-68:7).

25.    Mrs. Jacks was never notified by Ms. Burris that if she had brought updated forms into her office or got a changed FMLA form, she could have gotten her job back. (Burris Dep. 80:20-81:23).

26.    Ms. Burris never gave Mrs. Jacks the opportunity to provide a corrected FMLA form. (Burris Dep. 80:20-81:23).

27.    Reinstatement was never a topic and it was reasonable for Mrs. Jacks to have understood that she was fired. (Burris Dep. 82:9-16).

28.    Mrs. Jacks contacted Stephanie Burris on November 19, 2003 through her attorneys, asking for her job back and the missed salary. (Burris Dep. 89:7-12

### III. ARGUMENT

A.   **Summary Judgment Standard**

Summary Judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed 265 (1986). However, the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Liu v. T&H Mach., Inc.,* 191 F.3d 790, 796 (7th Cir. 1999); instead, only a "genuine" issue of "material" fact precludes summary judgment. Fed. R. Civ. P. 56(c). Factual disputes are "material" only when they "might affect the outcome of the suit under the governing law." *Oest v. Illinois Dep't of Corrections*, 240 F.3d 605, 610 (7th Cir. 2001). Further, factual disputes are "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the [nonmovant]." *Id*. In other words, mere speculation or conjecture will not suffice. *Liu*, 191 F.3d at 796.

B.   **Sharon Jacks' Right To Twelve Week Of Unpaid Leave Pursuant To The Family Medical Leave Act Was Violated By Con-Air Corporation When Defendant Fired Mrs. Jacks For Merely Asserting Her Right To Care For Her Husband.**

The Family Medical Leave Act ("FMLA") allows workers to take up to 12 weeks of unpaid leave per year "in order to care for the spouse…of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. 2612 (a)(1)(C). The Act made it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. 2615(a)(1). Where an employer violates Section 2615, the employee has a private right of action as outlined in 29 U.S.C. 2617.

The employer may require Certification issued by a healthcare provider to be provided in a timely matter. 29 U.S. C. 2613(a). Where a employer "finds a Certification incomplete" it must "provide the employee a reasonable opportunity to cure any such deficiencies." 29 C.F.R. § 825.305(d). FMLA entitles an employee to a minimum of a fifteen (15) days to obtain medical documentation for a "serious medical condition" beginning the date the employer notified the employee that such documentation was required . *Rager v. Dade Behring, Inc.,* 210 F.3d.776, 778 (7th Cir. 2000).

Sharon Jacks is entitled to summary judgment on the basis that there is no dispute that her husband, Kenny Jacks, had a serious health condition on or about June 2003 and Mrs. Jacks submitted a Certification within fifteen (15) days indicating she was needed to care for Kenny Jacks. Section 2612 requires an employer to provide up to a total of twelve (12) work weeks leave during any twelve (12) month period. 29 U.S.C. 2612(a)(1). In fact, the language in Section 2612 is mandatory: "an eligible employee *shall* be entitled to a total twelve (12) work weeks of leave…" *Id.* This section does envision intermittent leave under certain circumstances. Specifically, leave taken to care for one's spouse who has a serious medical condition "*may* be taken intermittently or on a reduced leave scheduled when medically necessary." Mrs. Jacks chose not to take intermittent leave and requested full time leave to care for her husband. Read in conjunction with §(a)(1), the employer must provide twelve (12) work weeks leave, but the employee may choose intermittent leave under this scenario. There is no requirement that Mrs. Jacks accept intermittent leave at the request of her employer.

The findings and purposes of the Family Medical Leave Act are outlined at 29 U.S.C. 2601. Some of Congress' findings include:

> "(a)(2) it is important for the development of children and the family unit that fathers and mothers be able to participate in early childrearing and the care of family members who have serious health conditions;
> (5) due to the nature of the roles of men and women in our society, the primary responsibility for family care taking often falls on women and such responsibility effects the working lives of women more than it effects the working lives of men;" 29 U.S.C.2607(a).

The purpose of the Act is:

> (b)(2) to entitle employee to take reasonable leave for medical reasons, for the birth or the adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition; 29 U.S.C. 2601(b).

The mandatory nature of the twelve (12) week period outlined by Congress, read in conjunction with the findings and purposes must be construed to show that Mrs. Jacks was entitled to take up to twelve (12) weeks unpaid leave to care for her husband who had a serious health condition. It was Mrs. Jacks' decision to take continuous unpaid leave, and not intermittent leave to care for her husband. Her termination was a violation of the Act.

> **C. Con-Air Fired Mrs. Jacks Without Asking For An Updated Certification, and In Fact Wholly Failed To Provide Mrs. Jacks With A Reasonable Opportunity To Provide An Updated Certification Form.**

Even if the employer was entitled to require Mrs. Jacks to work on an intermittent schedule, Con-Air never provided an opportunity for Mrs. Jacks to provide an updated Certification, as required by the law. As indicated above, Mrs. Jacks was entitled to fifteen (15) days from June 2, 2003 to provide Certification. *Rager v. Dade Behring,*

*Inc.,* 210 F.3d.776, 778 (7th Cir. 2000). The first day she took off was June 2, 2003. Mrs. Jacks was terminated June 9, 2003. Con-Air Corporation did not even allow her the minimal fifteen (15) days to provide the Certification before it fired Mrs. Jacks. Additionally, Mrs. Jacks was not provided an opportunity to remedy any alleged defective Certification. She never even saw the completed form after it was signed by Dr. Kattner.

An employer must provide an employee a reasonable opportunity to cure a claimed deficiency in a Certification prior to termination. *Kauffman v. Federal Express Corporation*, 426 F.3d 880, 886 (7th Cir. 2005). In a case where Certification has been provided, and the employer believes it is incomplete, the employer "would have been required to … give [the employee] the opportunity to cure the deficiency." *Kauffman* at 887.

"The employer shall advise an employee whenever the employer finds a Certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiencies." 29 C.F. R. 825.305(d). There is no issue as of material fact that Con-Air did not provide Sharon Jacks a reasonable opportunity to cure any alleged deficiency. Therefore, Con-Air violated Sharon Jacks' rights under the Family Medical Leave Act, and Sharon Jacks is entitled to summary judgment.

**D.    Conclusion**

For the foregoing reasons, Sharon Jacks requests that this Court grant her Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a) ruling that Mrs. Jacks rights under the Family Medical Leave Act have been violated by the Defendant, Con-Air

Corporation, and set this matter for an evidentiary hearing and/or trial relating to damages, attorneys' fees and any other relief this Court deems just and fair.

**RESPECTFULLY SUBMITTED,**
s/ DAVID A. KLECZEK
**David Kleczek Bar Number:  6276591**
**Attorney for Plaintiff**
**KLECZEK LAW OFFICE**
**321 N.E. Madison Ave.**
**Peoria, Illinois 61603**
**Telephone: (309) 674-4141**
**Facsimile: (309) 674-4144**
**E-mail: dkleczek@netzero.com**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| **SHARON JACKS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-2230 |
| | ) | |
| **CONAIR CORPORATION,** | ) | |
| | ) | |

**Defendant.**              )

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: J. Stuart Garbutt of Meckler, Bulger & Tilson and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A

**RESPECTFULLY SUBMITTED,**
**s/ DAVID A. KLECZEK**
**David Kleczek Bar Number:  6276591**
**Attorney for Plaintiff**
**KLECZEK LAW OFFICE**
**321 N.E. Madison Ave.**
**Peoria, Illinois 61603**
**Telephone: (309) 674-4141**
**Facsimile: (309) 674-4144**
**E-mail: dkleczek@netzero.com**