UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| SHARON JACKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-2230 |
| | ) |
| CONAIR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, SHARON JACKS, by and through her attorneys, KLECZEK LAW OFFICE, and for her Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment, states as follows:

**Reply to Additional Material Facts**

29. Paragraph 29 is immaterial because Plaintiff's exact position at Con-Air Rantoul facility and her exact shift have no bearing on whether Con-Air violated FMLA. Absent FMLA violation, because Sharon Jacks was not a union employee nor had any other contract with Con-Air Corporation, she was an at will employee, could be terminated or quit at any time for any reason.

30. Paragraph 30 is immaterial because it is an unnecessary fact to prove or defend the evidence that Con-Air violated Sharon Jacks' FMLA rights.

31. Paragraph 31 is immaterial because it is an unnecessary fact to prove or defend the evidence that Con-Air violated Sharon Jacks' FMLA rights.

32. Paragraph 32 is immaterial because it is an unnecessary fact to prove or defend the evidence that Con-Air violated Sharon Jacks' FMLA rights.

33. Paragraph 33 is duplicative of information contained in Plaintiff's Motion for Summary Judgment, ¶¶ 7-11. Plaintiff defers to ¶¶ 7-11 and the corresponding factual support in response to Paragraph 33.

34. Paragraph 34 is undisputed. It is an undisputed material fact.

35. Paragraph 35 is not a material fact, as it is undisputed that Dr. Kattner submitted a signed and completed FMLA Certification to Defendant.

36. Paragraph 36 is duplicative of Plaintiff's ¶¶ 12 and 14. Plaintiff defers to ¶¶ 12 and 14 and the corresponding factual support in response to Paragraph 36.

37. Paragraph 37 is duplicative of Plaintiff's ¶ 15 and therefore Plaintiff relies on the statements in ¶ 15 and support.

38. Paragraph 38 is immaterial because it does not matter that Ms. Burris attempted phoning Mrs. Jacks, it is only relevant as to actual conversations. Furthermore, Mrs. Jacks disputes any allegation that the FLMA Certification "authorized [Plaintiff] to miss work only when needed to drive her husband."

39. Paragraph 39 is duplicative of Defendant's ¶¶ 22 and 24. Therefore, Plaintiff relies on supporting facts of Plaintiff's paragraph. Plaintiff disputes that the call was at "lunchtime", as this term is ambiguous, and Ms. Burris' recalls the conversation taking place after lunch. (Burris Dep., 72:8-13).

40. Paragraph 40 is duplicative of ¶ 24. Plaintiff defers to ¶ 24 and the corresponding factual support in response to Paragraph 40. Therefore Plaintiff relies on Plaintiff's ¶ 24 and its supporting facts. The second portion of Paragraph 40 is disputed and immaterial. Mrs. Jacks never saw the completed form by Dr. Kattner's office, and Ms. Burris misrepresented the facts of the FMLA form and the FMLA law to Mrs. Jacks,

therefore any allegations that Mrs. Jacks was going to have Dr. Kattner's office "change" the medical certification has no relevance to whether the initial certification was valid.

41. Paragraph 41 is immaterial because Plaintiff had already provided a certification form to her employer prior to the alleged phone calls.

42. Paragraph 42 is material and undisputed.

43. Paragraph 43 is immaterial because Plaintiff had already provided a certification form to her employer prior to the alleged phone calls.

44. Paragraph 44 is immaterial because Plaintiff had already provided a certification form to her employer prior to the alleged phone calls.

45. Paragraph 45 is undisputed.

46. Paragraph 46 is disputed. Con-Air failed to grant Mrs. Jacks time off under the Family Medical Leave Act, and as such it was a direct and proximate cause of her termination. This is the thrust of the Motion for Summary Judgment and Plaintiff submits this Reply Brief in opposition to this allegation.

47. Paragraph 47 is undisputed and material.

48. Paragraph 48 is immaterial because Plaintiff had already provided a certification form to her employer prior to the alleged phone calls.

49. Paragraph 49 is immaterial because Plaintiff had already provided a certification form to her employer prior to the alleged phone calls.

**Argument**

    **I.    The Affidavit Of Mary Jo Scott Must Be Stricken Because She Is Not Competent To Testify As To Kenny Jacks Medical Condition, It Is Inadmissible Hearsay And It Is Not Relevant.**

Plaintiff restates and reasserts her arguments relating to the same named section in her Response to Defendant's Motion for Summary Judgment.

    **II.    Defendant Had No Right To "Choose" The Time And Place Of Intermittent Leave That Mrs. Jacks' Medical Certification Allowed Her.**

Under Defendant's round about and erroneous analysis of FMLA, it proposes an unworkable interpretation of FMLA. Defendant proposed that where an individual receives a medical certification indicating they fall within one of the categories, the employer may, at its own discretion decide if and when intermittent leave may be granted. To take Defendant's position to its logical conclusion, one who has obtained an FMLA certification may be required by an employer to come in when the employee is not receiving treatment or otherwise incapacitated, as long as they do not need care at that moment. Where does such a scheme end?

Congress envisioned, and the Court should enforce, a much more workable solution. If a doctor certifies a person or a person's spouse as having a serious medical condition pursuant to FMLA, the employee is entitled to twelve weeks of unpaid leave. Congress envisioned intermittent leave only by agreement of both the employer and the employee. It does not make sense to allow the employer to unilaterally determine when and if intermittent leave should be assigned to the employee, nor is such a scheme a workable and enforceable solution.

Mrs. Jacks' leave entitlements are simple: she "*shall* be entitled to a total of twelve work weeks during any twelve month period for one or more of the following: (c) in order to care for the spouse, son, daughter, or parent of the employee of such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. 2612(a)(1). There is no dispute that Mr. Jacks had a "serious health condition." Therefore, the employee "shall" be entitled to up to twelve work weeks leave. The intermittent leave Defendant attempts to impose upon Mrs. Jacks without her consent must be by agreement of the parties. Congress used the term "may" when discussing intermittent leave. This implies permissive and not mandatory.

Defendant first cites to *Raymond v. Albertson*, 38 F.Supp.2d 866, 870 (D. Nev. 1999). *Raymond* does not apply because the employee never even submitted a certification nor evidence that his daughter had a serious medical condition.

Next, Defendant claims that it is its responsibility and "obligation" to designate leave as FMLA or not FMLA. Defendant relies on 29 C.F.R. 825.208(e)(2) for such a claim. In fact, this subparagraph allows an employer to make a preliminary designation that an employee's time off qualifies for FMLA prior to receipt of the medical certification. But, "if the medical certification fails to conform that the reason for the absence was not an FMLA reason, the employer must withdraw the designation (with written notice to the employee)." *Id.* It is undisputed that Con-Air preliminary designated Mrs. Jacks' full time off from June 2 through June 6, 2003 as FMLA qualifying. It is also undisputed that Con-Air claims the medical certification does not allow Mrs. Jacks to take her full time off. Under this subsection, Con-Air was to provide written notice to the employee, and it failed to do so.

Defendant submits *Stoops v. One Call Communications*, 141 F.3d 309 (7th Cir. 1998), and *Dittle v. United States Postal Service*, 2005 U.S. Dist. LEXIS (Dist. of M.N., 2005) to support Defendant's contingent that Plaintiff had no right to continuous leave. First, neither *Stoops* nor *Dittle* discuss continuous versus intermittent leave. Based on this fact alone, they are inapplicable to the issue. Additionally, both *Stoops* and *Dittle* address 29 U.S.C. 2612(a)(1)(d), which requires leave where 1) it is the result of "serious health condition" and 2) it "makes the employee unable to perform the functions" of his job. *Stoops*, 141 F.3d 313. The two prong requirement does not apply where one takes leave pursuant to 2612(a)(1)(c) or to care for a spouse.

Dr. Kattner provided a certification to Stephanie Burris with stated that "leave is required to care for family member of the employee with a serious health condition." It also stated that Kenny Jacks was "unable to drive due to pain level and medication." In response to the question "if the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need:" Dr. Kattner wrote nothing. The clear implication is that the patient did not need care only intermittently.

For these reasons, Mrs. Jacks was entitled to continuous FMLA leave. Defendant violated Mrs. Jacks' FMLA rights, and summary judgment should be granted in Mrs. Jacks' favor as a matter of law.

### III.   As A Matter Of Law Firing Mrs. Jacks One Day After Reviewing The FMLA Certification Did Not Allow Mrs. Jacks Nor Her Husband A "Reasonable" Amount Of Time To Obtain A New Certification Form.

Defendant makes two arguments as to why it was not required to offer Mrs. Jacks a reasonable opportunity to write an updated certification. First, Defendant writes four pages of arguments about the fifteen day period in which an employee has to obtain the

initial certification.  Second, Defendant claims that somehow because Mrs. Jacks' subsequent conversations with Dr. Kattner's office, it was relieved of its duty to provide Mrs. Jacks a reasonable opportunity to cure the deficiency.  In Plaintiff's Response to Defendant's Motion for Summary Judgment she discusses the certification process, and the actions that may be taken by the Defendant and are required to be taken by the Defendant if the certification is incomplete.  Plaintiff hereby adopts and asserts the arguments in her Response to Defendant's Motion for Summary Judgment, and her associated additional material facts.

### Conclusion

For the foregoing reasons, Sharon Jacks request that this Court grant her Motion for Summary Judgment pursuant to Federal Rules Civil Procedure 56(a) ruling that Mrs. Jacks' right under the Family Medical Leave Act have been violated by the Defendant, Con-Air Corporation, and set this matter for an evidentiary hearing and/or trial relating to damages, attorneys' fees, and any other relief this Court deems just and fair.

**RESPECTFULLY SUBMITTED,**
**DAVID A. KLECZEK**
**Attorney for Plaintiff**
**KLECZEK LAW OFFICE**
**321 N.E. Madison Ave.**
**Peoria, Illinois 61603**
**Telephone: (309) 674-4141**
**Facsimile: (309) 674-4144**
**E-mail: dkleczek@netzero.com**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| SHARON JACKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-2230 |
| | ) |
| CONAIR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 9, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: J. Stuart Garbutt of Meckler, Bulger & Tilson and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A

**RESPECTFULLY SUBMITTED,**
**s/ DAVID A. KLECZEK**
**David Kleczek Bar Number:  6276591**
**Attorney for Plaintiff**
**KLECZEK LAW OFFICE**
**321 N.E. Madison Ave.**
**Peoria, Illinois 61603**
**Telephone: (309) 674-4141**
**Facsimile: (309) 674-4144**
**E-mail: dkleczek@netzero.com**