UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SHARON JACKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. : 04-2230 |
| ) | |
| CONAIR CORPORATION, ) | Judge Michael P. McCuskey |
| ) | Magistrate Judge David G. Bernthal |
| Defendant. ) | |

## DEFENDANT CONAIR CORPORATION'S MOTION IN LIMINE TO BAR TESTIMONY AND DOCUMENTARY EVIDENCE OF DR. DAVID FLETCHER, M.D.

Without waiving its trial objections, Defendant Conair Corporation ("Conair") moves this Court pursuant to FED. R. CIV. P. 26 and 37(c), Local Rule 26.2, and FED. R. EVID. 402, 403(b) for the entry of an Order, *in limine*, barring the presentation by Plaintiff at trial of any testimony and/or documentary evidence by Dr. David Fletcher. In support of its motion, Conair states as follows:

In response to Conair's motion for summary judgment in this case, Plaintiff for the first time offered an affidavit by Dr. David Fletcher concerning Dr. Fletcher's opinion of Plaintiff's husband's medical condition and of his need for care by Plaintiff in early June 2003. Plaintiff has indicated that she may seek to call Dr. Fletcher as a witness at trial. In Plaintiff's initial Rule 26 disclosures, however, the only health care provider she identified was Dr. Kattner, her husband's treating physician, who signed the FMLA certification at issue in this case. Exhibit A, p. 1, I(A)(3-4).[1] Although her Supplemental Answers to Defendant's Interrogatories mentioned

---

[1]    All pleadings, documents and other papers referenced herein are attached hereto and covered by an appendix.

Dr. Fletcher as having knowledge of her husband's purported "serious health condition," (Exhibit B, ¶¶2, 4, 5) the medical records produced by Plaintiff again related primarily to her husband's treatment by Dr. Kattner. In fact, Plaintiff produced only one document signed by "D. J. Fletcher," and that was dated May 3, 2004, almost a **year *after*** the events of this case. *See* Exhibit C; *Cf.* Case No. 04-2230, Dkt. 1, ¶¶5-9. Finally, and most significantly, Plaintiff let her December 1, 2005 expert disclosure deadline pass without identifying any expert witnesses or submitting any expert reports. (*See* Exhibit D, February 9, 2005 Discovery Order.) Nor has Plaintiff ever supplemented her Rule 26 disclosures to list Dr. Fletcher. *See* FED. R. CIV. P. 26(e)(1).

Indeed, Plaintiff's own summary judgment motion focused solely on the care her husband received from Dr. Kattner. It was not until she responded to Conair's cross-motion for summary judgment that she identified Dr. David Fletcher, M.D. as a physician who had seen her husband. However, according to his own affidavit, Dr. Fletcher did not begin treating Plaintiff's husband until June 24, 2003, which was weeks after Plaintiff's discharge and after Dr. Kattner completed the FMLA certification in this case. Ex. E, ¶1.

Therefore, and as set forth more fully below, this Court should enter an Order *in limine* barring Dr. Fletcher from testifying at trial, because such an order not only is an appropriate sanction for Plaintiff's failure to disclose him as an expert witness, but also because any opinion of Dr. Fletcher, who can have no personal knowledge of Plaintiff's husband's medical condition on June 6, 2003 when the FMLA certification in this case was completed, is not relevant and would be unduly prejudicial to Conair.

### A.  ANY TESTIMONY OR DOCUMENTARY EVIDENCE OF DR. FLETCHER MUST BE BARRED BECAUSE HE IS AN UNDISCLOSED EXPERT

In an affidavit by Dr. Fletcher submitted for the first time in opposition to Conair's motion for summary judgment, Dr. Fletcher stated (almost three years after the fact) that in his "opinion, to a reasonable degree of medical certainty," Plaintiff's husband "required the full time care of his wife" during "the entire month of June, 2003." Exhibit E, ¶5. Thus, Dr. Fletcher offers an "opinion" clearly based on his medical knowledge and expertise, making him a previously undisclosed expert that should be barred from testifying or submitting any documentary evidence in this case. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, n.2 (7th Cir. 2004) ("a treating doctor…is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation"). A treating professional who will provide expert testimony must be disclosed under Rule 26(a)(2)(A). *Id.* at 756-57. When such an individual is not properly disclosed, barring his/her testimony under Rule 26 is automatic and mandatory unless the offending party can show that its violation was justified or harmless, which cannot be done in this case. *See Nutrasweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000); *Barrett v. Int'l Armaments, Inc.*, No. 95-2690, 1999 U.S. Dist. LEXIS 4708 at *17-18 (N.D. Ill. Mar. 30, 1999) (barring treating physician's testimony relating to disability and injuries due to plaintiff's failure to disclose expert opinion under Rule 26).

Accordingly, Dr. Fletcher must be barred from offering any testimony regarding whether Plaintiff was needed to be absent from work at the time of this case to care for her husband under the FMLA. *See Tzoumis v. Tempel Steel Co.*, 168 F.Supp. 2d 871, 876 (N.D. Ill. 2001) (while a

3

non-disclosed treating physician may submit non-expert testimony "regarding his observations made during the course of treatment and matters in his personal knowledge," he cannot testify "regarding the ADA's standards and whether [plaintiff] has met them.") In light of Dr. Fletcher's affidavit, stating "I am familiar with the Family Medical Leave Act, and have provided certification for spouses of injured and ill persons ... I have been contacted by employers to provide second opinions as to Family Medical Leave Act Certification," this apparently is precisely what Plaintiff would use Dr. Fletcher to do.[2] *See* Exhibit E, ¶4. Thus, allowing Plaintiff to use Dr. Fletcher as a treating physician *and* purported "FMLA" expert would circumvent the strictures of the Rule 26, as well as this Court's discovery order.

### B.  IN ADDITION, DR. FLETCHER CANNOT OFFER ANY OPINION REGARDING PLAINTIFF'S FMLA CERTIFICATION BECAUSE HE DID NOT BEGIN TREATING PLAINTIFF'S HUSBAND UNTIL WEEKS AFTER THE EVENTS AT ISSUE

Although Plaintiff never asked Dr. Fletcher to complete an FMLA certification on her behalf, he now claims in his affidavit that he **would have** certified that Plaintiff's husband needed her full time care "if it had been requested of me." Exhibit E, ¶5. Such testimony is hypothetical, blatantly speculative, and inadmissible for that reason alone. In addition, Dr. Fletcher's opinion is simply not relevant. As framed by this Court in its ruling on the parties' cross motions for summary judgment, the issue for trial is "whether the statement in Jacks'

---

[2]    The expert nature of Dr. Fletcher's testimony is readily confirmed by his 12-page *curriculum vitae*, (*see* Case No. 04-2230, Dkt. 40, Attachment 2), representing his "training, education and current medical practice." *See* Exhibit E, ¶3. However, given that Dr. Fletcher did not begin treating Plaintiffs' husband until June 24, 2003, his *post-facto* opinions regarding Plaintiff's husband's medical condition during the "entire month of June 2003," (Ex. E, ¶5), are also inadmissible under FED. R. EVID. 702. *Daubert v. Merrell Dow Pharmaceuticals, Indus.*, 509 U.S. 579, 589 (1993) (expert opinions must be grounded in scientific knowledge and not based merely on subjective belief or speculation.)

[FMLA] certification which indicates Kenny is '[u]nable to drive due to pain level and medication' rendered the certification complete but unsupportive of the leave request or rendered it inadequate or incomplete requiring Conair to give Jacks an opportunity to cure the deficiency." Case No. 04-2230, Dkt. 45, p. 7. Clearly, Dr. Fletcher cannot speak to a medical certification completed by another physician weeks before Dr. Fletcher even saw the patient in question.

Even if Dr. Kattner's certification was 'incomplete,' requiring Conair to give Plaintiff an opportunity to cure it under 29 CFR §825.305(d), Dr. Fletcher's testimony still would be irrelevant and inadmissible. Dr. Fletcher did not provide the certification in question, and indeed could not have provided any timely FMLA certification in this case because he was not Plaintiff's husband's treating physician at the time. Dr. Fletcher first saw Plaintiff's husband *June 24,* 2003, (Ex. E, ¶1), which was more than three weeks after Conair asked Plaintiff to submit a completed medical certification (June 2, 2003), and more than 18 days after Dr. Kattner rendered his June 6, 2003 certification. Therefore as a matter of law, any testimony regarding a certification that Dr. Fletcher "would have" provided, but did not, must be precluded. The FMLA regulations set forth a 15-day time limit for the submission of such a certification once an employer requests it. *See* 29 CFR §825.311 (providing that if an employee fails to produce a certification in that time, "the leave is not FMLA leave.")

Additionally, any value Dr. Fletcher's testimony could have in this case will be substantially outweighed by unfair prejudice to Conair. FED. R. EVID. 403(b). While this is a bench trial, the Rules of Evidence still apply. *See Commerce Funding Corp. v. Comprehensive Habilitation Serv., Inc.*, No. 01-3796, 2004 U.S. Dist. LEXIS 17791 at *14 (S.D.N.Y. Sept. 3, 2004) (excluding evidence in a bench trial and noting that the standards for admissible evidence are not "out the window entirely"). Allowing Dr. Fletcher to testify in this case would be

5

precisely what the Seventh Circuit warned against in *Aubuchon v. Knauf Fiberglass, GMBH*, 359 F.3d 950, 953 (7th Cir. 2004). Allowing Dr. Fletcher's *post-facto* medical opinion, namely, that "Kenny Jacks required the full time care of his wife" for the "entire month of June 2003," (Ex. E, ¶5) would enable Plaintiff to "mousetrap" Conair by submitting an untimely, after-the-fact medical opinion that Conair never knew about, and therefore could not have taken into account when deciding, based on the certification that existed at the time, whether Plaintiff's absence was protected under the FMLA. *Id.; see Stoops v. One Call Communications*, 141 F.3d 309, 314 (7th Cir. 1998) ("medical evidence should come from an employee in time to save his job, not during a subsequent lawsuit.")

Even assuming for sake of argument that Dr. Kattner's certification was 'incomplete,' so as to have warranted giving Plaintiff an opportunity to "cure" it, the issue is *whether Dr. Kattner's clinic would have clarified the certification* to support Plaintiff's leave request, not whether Plaintiff might have solicited a different opinion from a different health care provider who was not even treating her husband at the time. *Compare,* 29 CFR §825.305(d) (employee provided with an opportunity to cure deficiencies in incomplete certification) *with* 29 CFR §825.307(b) (*employer* may designate a different health care provider to furnish a second opinion at its cost if it questions the adequacy of a complete certification).

In summary, any expert testimony of Dr. Fletcher must be barred for Plaintiff's failure to disclose him as an expert witness, as required under FED. R. CIV. P. 26 and applied through Local Rule 26.2. FED. R. CIV. P. 37; FED. R. CIV. P. 26; CDIL L.R. 26.2. Moreover, to whatever extent Dr. Fletcher could properly offer any testimony, it would still be inadmissible under general evidentiary standards, given that he was not Plaintiff's husband's health care provider during any relevant time period. FED. R. EVID. 402; FED. R. EVID. 403(b).

WHEREFORE, Defendant Conair respectfully requests that the Court enter a motion *in limine* barring any and all testimony and/or documentary evidence of David Fletcher, M.D.

        Respectfully submitted,

        CONAIR CORPORATION

Date:  August 3, 2006        By:   *s/ Kerry Lin Davidson*
        Kerry Lin Davidson Bar Number:  6277341
        Attorney for Defendant
        Meckler Bulger & Tilson LLP
        123 North Wacker Drive
        Chicago, Illinois  60606
        Tel:    312/474-7900
        Fax:   312/474-7898
        email:  kerry.davidson@mbtlaw.com

N:\4161\trial\MIL_Fletcher.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2006, I electronically filed **Defendant Conair Corporation's Motion In Limine To Bar Testimony And Documentary Evidence Of Dr. David Fletcher, M.D.** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: David A. Kleczek, Kleczek Law Offices, 321 NE Madison, Peoria, Illinois 61603.

By:  s/Kerry Lin Davidson
Kerry Lin Davidson
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Chicago, Illinois 60606
Tel: (312) 474-7900
Fax: (312) 474-7898

N:\4161\trial\Pretrial Motions\COS_MIL_Fletcher.doc