**E-FILED**
Thursday, 03 August, 2006  03:49:34 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

SHARON JACKS,                          )
                                       )   Case No. : 04-2230
       Plaintiff,         )
                                       )   Judge Michael P. McCuskey
    v.                   )   Magistrate Judge David G. Bernthal
                                       )
CONAIR CORPORATION,                    )
                                       )
       Defendant.        )

**INDEX OF APPENDICES TO DEFENDANT CONAIR CORPORATION'S MOTION IN
LIMINE TO BAR TESTIMONY AND DOCUMENTARY EVIDENCE OF
DR. DAVID FLETCHER, M.D.**

    A.    Plaintiff's Initial Rule 26(a)(1) Disclosures

    B.    Plaintiff's Supplemental Answers to Defendant's Interrogatories

    C.    Medical Note from D.J. Fletcher regarding Kenneth Jacks – Dated 5/3/2004

    D.    Discovery Order – February 9, 2005

    E.    Affidavit of David Fletcher, M.D.

N:\4161\trial\MIL_Exhibits\Index-Appendices-MIL.doc

# EXHIBIT A

## TO CONAIR CORPORATION'S MOTION IN LIMINE TO BAR TESTIMONY AND DOCUMENTARY EVIDENCE OF DR. DAVID FLETCHER, M.D.

### Plaintiff's Initial Rule 26(a)(1) Disclosures

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| SHARON JACKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 04-2230 |
| | ) |
| CONAIR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

---

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

The undersigned certifies that a true and correct copy of the following document(s), along with a copy of this Notice of Service of Discovery Documents was sealed in a postage prepaid envelope addressed as set forth above and deposited in the U.S. Mail at Peoria, Illinois on the 31st day of January, 2005.

## PLAINTIFF'S INITIAL RULE 26(a)(1) DISCLOSURES

RESPECTFULLY SUBMITTED,
s/ DAVID A. KLECZEK
David Kleczek Bar Number:  6276591
Attorney for Plaintiff
KLECZEK LAW OFFICE
321 N.E. Madison Ave.
Peoria, Illinois 61603
Telephone: (309) 674-4141
Facsimile: (309) 674-4144
E-mail: dkleczek@netzero.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | | |
|---|---|---|
| SHARON JACKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-2230 |
| | ) | |
| CONAIR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S INITIAL RULE 26(a)(1) DISCLOSURES

NOW COMES Plaintiff, SHARON JACKS, by and through her attorneys, KLECZEK LAW OFFICE, and pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(1) and Local Rule 26.2, makes the following disclosures:

**I.     Rule 26(a)(1)**

A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**DISCLOSURE**

1.    Sharon Jacks, 1231 Cypress, Rantoul, IL 61866.

2.    Kenneth Jacks, 1231 Cypress, Rantoul, IL 61866.

3.    Dr. Kenneth Kattner, Central Illinois Neuro Health Sciences, 1015 S. Mercer, Bloomington, Illinois.

4.    All personnel working with Dr. Kattner.

Investigation continues.

**II.     Rule 26(a)(1)**

B.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody,

or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**DISCLOSURE**

1.    All records relating to Sharon Jacks job search efforts after her termination from Conair Corporation.

2.    All records relating to the care and treatment of Kenneth Jacks, specifically as it relates to the June 6, 2003 FMLA notice delivered to Defendant.

3.    Wage statements relating to Sharon Jacks from Conair Corporation for income tax returns relating to Sharon Jacks.

III.    **Rule 26(a)(1)**

C.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**DISCLOSURE**

A computation of damages Sharon Jacks is seeking consists of accrued and accruing lost wages and other benefits, plus costs and attorneys fees, which continue to accrue.

SHARON JACKS,
Plaintiff,

By:

DAVID A. KLECZEK

KLECZEK LAW OFFICE
321 N.E. Madison Ave.
Peoria, Illinois 61603
Telephone: (309) 674-4141
Facsimile: (309) 674-4144

2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **PLAINTIFF'S INITIAL RULE 26 DISCLOSURES** was served upon the attorneys of record in this matter by depositing copies of same enclosed in envelopes addressed as follows:

J. Stuart Garbutt
Meckler, Bulger, & Tilson
123 N. Wacker Drive Suite 1800
Chicago, Illinois 60606

and by depositing said envelopes with first-class postage fully prepaid in the U.S. Mail at Peoria, Illinois on the 31st day of January, 2005.

Denise A. Christenson

# EXHIBIT B

## TO CONAIR CORPORATION'S MOTION IN LIMINE TO BAR TESTIMONY AND DOCUMENTARY EVIDENCE OF DR. DAVID FLETCHER, M.D.

### Plaintiff's Supplemental Answers to Defendant's Interrogatories

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | | |
|---|---|---|
| SHARON JACKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-2230 |
| | ) | |
| CONAIR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

The undersigned certifies that a true and correct copy of the following document(s), along with a copy of this Notice of Service of Discovery Documents was sealed in a postage prepaid envelope addressed as set forth above and deposited in the U.S. Mail at Peoria, Illinois on the 29th day of November, 2005.

1.  **PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S INTERROGATORIES.**
2.  **PLAINTIFF'S SUPPLEMENTAL RESPONSE TO REQUEST TO PRODUCE.**

**RESPECTFULLY SUBMITTED,**
s/ DAVID A. KLECZEK
David Kleczek Bar Number:  6276591
Attorney for Plaintiff
KLECZEK LAW OFFICE
321 N.E. Madison Ave.
Peoria, Illinois 61603
Telephone: (309) 674-4141
Facsimile: (309) 674-4144
E-mail: dkleczek@netzero.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| SHARON JACKS, | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    Case No. 04-2230 |
| | ) |
| CONAIR CORPORATION, | ) |
| | ) |
|       Defendant. | ) |

## PLAINTIFF'S ANSWERS TO INTERROGATORIES

NOW COMES Plaintiff, SHARON JACKS, by and through her attorneys,

KLECZEK LAW OFFICE, and in answer to the Interrogatories propounded by Defendant,

CONAIR CORPORATION, states as follows:

1.    Identify the person(s) who prepared and/or assisted in the preparation of the answers to these interrogatories, including the person(s) who supplied information and/or documents used in the preparation of the answers.

**RESPONSE: Sharon Jacks. Documents produced in response to Defendant's document production request.**

2.    Identify every person with knowledge regarding the allegations of your Complaint and state the substance of, and basis for, such knowledge.

**RESPONSE: Dr. Nardo Buena, Christie Clinic, Rantoul, Illinois. Dr. Buena gave Kenny Jacks a shot of Toradol and sent him to Provena Emergency Room because there was nothing else he could do for him.**

**Dr. Ellis, Provena Covenant Medical Center, 1400 West Park Street, Urbana, Illinois 61801. Dr. Ellis provided care and treatment to Kenny Jacks on June 2, 2003 and June 4, 2003 in the emergency room. Dr. Ellis referred Mr. Jacks to Dr. Kattner, Central Illinois NeuroHealth Sciences.**

**Dr. Keith Kattner, Central Illinois NeuroHealth Sciences, 1015 S. Mercer Ave., Bloomington, Illinois 61701. Dr. Kattner**

diagnosed and treated Mr. Jacks' herniated disc with an epidural steroid injection. Dr. Kattner signed the FMLA form.

Dr. Fletcher, Safeworks, 1806 N. Market, Champaign, IL 61822. Dr. Fletcher has knowledge of MR. Jacks' serious medical condition as of June 2003.

Department of Employment Security, 1307 North Matthis Avenue, Champaign, IL 61866. Mrs. Jacks received unemployment from June 8, 2003 to September 5, 2004. The employees of the Department have knowledge that Defendant acquiesced to payment of unemployment benefits, and did not pursue its claim that Sharon Jacks was terminated for cause.

Tom Anderson, First Aid at Caradco, Mr. Jacks' employer, 201 Evans Road, Rantoul, IL 61866. Mr. Jacks' talked with Ms. Anderson after his emergency room visit on June 4, 2003.

See attached medical records. Investigation continues.

3.    Identify every person and describe in detail each communication you had with every person regarding your individual claims as alleged in your Complaint including but not limited to the date, time, and location of the communication; and the substance of the communication.

RESPONSE: Stephanie Burris, Con-Air Human Resources. Plaintiff contacted Ms. Burris by telephone on June 2, 2003 to let her know Mr. Jack had hurt his back and she was taking him to the emergency room because he could not do anything on his own. She called Ms. Burris back after they went to the emergency room and asked Ms. Burris to put her on medical leave. Ms. Burris told her she would have to pick up the Certification of Health Care Provider form and have it filled out. Plaintiff picked up the form on June 5, 2003 prior to Mr. Jacks seeing Dr. Kattner and Ms. Burris told Plaintiff she had to have paperwork filled out that day. Plaintiff called Ms. Burris from Dr. Kattner's office and told her that the form would be faxed within 24 hours. Ms. Burris confirmed that the form was received by her office.

4.    State the factual basis supporting your claim that "Sharon Jacks' spouse had a serious health condition," as alleged in paragraph 14 of your Complaint.

RESPONSE: Ken Jacks, Sharon Jacks' spouse, suffered a work injury. He was taken off work, put on mind altering medication, and was unable to care for himself. Mr. Jacks suffered from a herniated disc at the L4-5 in the right. The condition began on May 29, 2003, and continues to date. Mr. Jacks is permanently disabled. Mr. Jacks had Sacrolitis as well.

2

Dr. Nardo Buena, Christie Clinic, 101 West University Ave., Champaign, Illinois 61820. Dr. Buena gave Kenny Jacks a shot of Toradol and sent him to Provena Emergency Room because there was nothing else he could do for him.

Dr. Ellis, Provena Covenant Medical Center, 1400 West Park Street, Urbana, Illinois 61801. Dr. Ellis provided care and treatment to Kenny Jacks on June 2, 2003 and June 4, 2003 in the emergency room. Dr. Ellis referred Mr. Jacks to Dr. Kattner, Central Illinois NeuroHealth Sciences.
Dr. Keith Kattner, Central Illinois NeuroHealth Sciences, 1015 S. Mercer Ave., Bloomington, Illinois 61701. Dr. Kattner diagnosed and treated Mr. Jacks' herniated disc with an epidural steroid injection.

Dr. Fletcher, Safeworks, 1806 N. Market, Champaign, IL 61822. Dr. Fletcher

Department of Employment Security, 1307 North Matthis Avenue, Champaign, IL 61866. Mrs. Jacks received unemployment from June 8, 2003 to September 5, 2004.

Tom Anderson, First Aid at Caradco, Mr. Jacks' employer, 201 Evans Road, Rantoul, IL 61866. Mr. Jacks' talked with Ms. Anderson after his emergency room visit on June 4, 2003.

The factual basis is contained in Kenny Jacks' medical records and known by Mr. Jacks' physicians.

See attached medical records and answers to Interrogatory 2.

5.    Identify every person who possesses knowledge regarding your claim that "Sharon Jacks' spouse had a serious health condition," as alleged in paragraph 14 of your Complaint and state the substance of, and basis for, such knowledge.

RESPONSE: Sharon Jacks, Plaintiff.
          Kenny Jacks, Plaintiff's spouse.
          Amanda Jacks, Plaintiff's daughter.

Dr. Nardo Buena, Christie Clinic, 101 West University Ave., Champaign, Illinois 61820. Dr. Buena gave Kenny Jacks a shot of Toradol and sent him to Provena Emergency Room because there was nothing else he could do for him.

Dr. Ellis, Provena Covenant Medical Center, 1400 West Park Street, Urbana, Illinois 61801. Dr. Ellis provided care and

3

treatment to Kenny Jacks on June 2, 2003 and June 4, 2003 in the emergency room. Dr. Ellis referred Mr. Jacks to Dr. Kattner, Central Illinois NeuroHealth Sciences.
Dr. Keith Kattner, Central Illinois NeuroHealth Sciences, 1015 S. Mercer Ave., Bloomington, Illinois 61701. Dr. Kattner diagnosed and treated Mr. Jacks' herniated disc with an epidural steroid injection.

Dr. Fletcher, Safeworks, 1806 N. Market, Champaign, IL 61822. Dr. Fletcher

Department of Employment Security, 1307 North Matthis Avenue, Champaign, IL 61866. Mrs. Jacks received unemployment from June 8, 2003 to September 5, 2004.

Tom Anderson, First Aid at Caradco, Mr. Jacks' employer, 201 Evans Road, Rantoul, IL 61866. Mr. Jacks' talked with Ms. Anderson after his emergency room visit on June 4, 2003.

See attached medical records. See answers to Interrogatories 2 and 4.

6.      State the factual basis supporting your claim that "Kenny Jacks was unable to care for himself" as alleged in paragraph 6 of your Complaint and the manner in which Kenny Jacks was unable to care for himself.

RESPONSE: Kenny Jacks was unable to do anything for himself. Plaintiff had to shower him, get him out of bed, drive him to appointments, help him with daily activities. See answers to Interrogatories 2, 4 and 5, and attached medical records.

7.      Identify every person who possesses knowledge regarding your claim that "Kenny Jacks was unable to care for himself" as alleged in paragraph 6 of your Complaint and state the substance of, and basis for, such knowledge.

RESPONSE: See answers to Interrogatory No. 2, 4, 5 and 6.

8.      Did Kenny Jacks require care on June 9, 2003? Yes. If so:

a.      state the factual basis supporting that claim;

RESPONSE: Ken Jacks, Sharon Jacks' spouse, suffered a work injury. He was taken off work, put on mind altering medication, and was unable to care for himself. Mr. Jacks suffered from a herniated disc at the L4-5 in the right. The condition began on May 29, 2003, and continues to date. Mr. Jacks is permanently disabled. Mr. Jacks had Sacrolitis as well.

4

       b.     state the manner of care Kenny Jacks needed;

**RESPONSE: Kenny Jacks was unable to do anything for himself. Plaintiff had to shower him, get him out of bed, drive him to appointments, and help him with daily activities.**

       c.     identify every person who provided the care identified in 8b; and

**RESPONSE: Sharon Jacks**

       d.     identify every person who possesses knowledge regarding your responses to 8a-c above and state the substance of, and basis for, such knowledge.

**RESPONSE: See answers to Interrogatories 2, 3, 4, 5 and 6.**

9.     Identify any and all communication and factual basis supporting your claim that "[p]rior to June 8, 2003, Defendant was aware Sharon Jacks claimed a leave of absence pursuant to FMLA," as alleged in paragraph 15 of your Complaint.

**RESPONSE: Sharon Jacks personally contacted Defendant by telephone. See attached Certification of Health Care Provider executed on June 6, 2003. Investigation continues. Also, Mr. Jacks' treating physicians provided written information.**

10.     Identify any period of incapacity at any time, as a result of Kenny Jacks' alleged "serious health condition" referred to in paragraph 14 of your Complaint.

**RESPONSE: Kenny Jacks was incapacitated as a result of his working on May 29, 2003, and has been incapacitated continuously since then through the present date.**

11.     Identify every person who possesses knowledge regarding your response to Interrogatory 10 above and state the substance of, and basis for, such knowledge.

**RESPONSE: See answers to Interrogatories 2, 3, 4, 5, and 6.**

12.     Identify all persons whom you intend to call as expert witnesses on your behalf at the trial of this action, and for each such person identified, describe: the expected subject matter of his or her testimony; the facts upon which each such person's anticipated testimony will be based; the witness's qualifications to testify as an expert witness; and identify all documents concerning the witness's qualifications to testify as an expert.

**RESPONSE: Plaintiff will respond to this Interrogatory per court order.**

13.    Identify all damages you claim in this litigation.  For each such category of damages claimed; identify the amount you claim is due and owing and the factual support of assumptions relied upon for each such calculation.

**RESPONSE: 1. Lost wages, $9.98/hr, 40 hours per week.**

**2. Lost benefits.  Plaintiff had insurance coverage on herself, her spouse and her daughter.  Plaintiff had comprehensive medical, dental, vision, life and accidental insurance.  See attached.  See attached Plan Membership/Enrollment from Conair's Associate Information book.**

**3. 401(k) enrollment.**

**4. Christmas bonuses.  These depended on yearly salary.**

**5. Profit sharing.**

**6. Conair products received at a reduced price.**

**7. Attorney's fees**

**8. Costs**

14.    To the extent not previously disclosed to Conair, identify all efforts you have made to secure employment (including self-employment or work as an independent contractor) since your employment with Conair ended including: resources you have used or consulted to locate job opportunities; prospective employers you have contacted including when you did so and the position you sought; jobs you have held including dates of employment, position held, and amount of remuneration including benefits.

**RESPONSE: Plaintiff applied for jobs at Loda Egg Farm, Loda, Illinois; Flex-n-Gate, Urbana, Illinois; Guardian West, Urbana, Illinois; County Market, Champaign, Illinois; Century Restaurant, Rantoul, Illinois.**

**Plaintiff received unemployment from June 8, 2003 through September 5, 2004.**
**Bell Sports, Rt. 136, Rantoul, IL, $7.50/hr.**
**Combes Lab, Shellhouse Rd., Rantoul, IL $7.58/hr.**
**Fagadela, Rt. 136, Rantoul, IL $8.00/hr.**

**Plaintiff had various jobs through Manpower from May 2004 through September 2004.  No benefits, various wages.**

6

Plaintiff was employed at Club 45, Karla Smart, assistant
manager, October 4, 2004 through January 29, 2005, $6.75/hr.
No benefits.   Left due to bounced payroll checks.

Plaintiff was employed by Rantoul Products from March 2005
through June 2005, $10.04/hr. No benefits.  Left due to unsafe
work conditions to Plaintiff's health.

15.     To the extent not previously disclosed to Conair, identify all jobs (either as
an employee or independent contractor) that you have held, for any period of time, since
your employment with Conair ended and state the name of your employer, the person to
whom you reported, the position you held, the duration of that employment, the
compensation received and the reason that employment ended.

RESPONSE:  See Interrogatory No. 14.

SHARON JACKS,
Plaintiff,

By: _____
        DAVID A. KLECZEK

KLECZEK LAW OFFICE
321 N.E. Madison Ave.
Peoria, Illinois 61603
Telephone: (309) 674-4141
Facsimile: (309) 674-4144

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Plaintiff's Supplemental Answers to Interrogatories** was served upon the attorneys of record in this matter by depositing copies of same enclosed in envelopes addressed as follows:

J. Stuart Garbutt
Meckler, Bulger, & Tilson
123 N. Wacker Drive Suite 1800
Chicago, Illinois 60606

and by depositing said envelopes with first-class postage fully prepaid in the U.S. Mail at Peoria, Illinois on the ʒʒ̃ day of November, 2005.

*Denise M. Christenson*

**KLECZEK LAW OFFICE**
**321 N.E. Madison Ave.**
**Peoria, Illinois 61603**
**Telephone: (309) 674-4141**
**Facsimile: (309) 674-4144**

8

# EXHIBIT C

**TO CONAIR CORPORATION'S MOTION IN
LIMINE TO BAR TESTIMONY AND
DOCUMENTARY EVIDENCE OF
DR. DAVID FLETCHER, M.D.**

**Medical Note from D.J. Fletcher regarding
Kenneth Jacks – Dated 5/3/2004**

# SAFEWORKS-Champaign

### 1806 N. Market
### Champaign, IL 61822

DATE     : 05/03/2004
PATIENT   : Jacks, Kenneth
EMPLOYER  : Caradco
CASE #    : 20629

DATE OF INJURY : 05/29/2003
SOC. SEC.#   :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
CLAIM #      :

E-MAILED

Mr. Kenneth Jacks is seen for follow-up purposes.  The patient stated that his lawyer state
that he is trying to get on the insurance company.  He needs a refill of medication. He rat
his pain as a 3-4.

He was given a prescription for OxyContin.

He is to return to this office on 6/3/04.

D. J. Fletcher, MD, MPH, FACOEM

# EXHIBIT D

**TO CONAIR CORPORATION'S MOTION IN
LIMINE TO BAR TESTIMONY AND
DOCUMENTARY EVIDENCE OF
DR. DAVID FLETCHER, M.D.**

**Discovery Order – February 9, 2005**

**E-FILED**
Wednesday, 09 February, 2005  02:10:41 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SHARON JACKS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-2230 |
| | ) | |
| CONAIR CORPORATION, | ) | |
| | ) | |
| Defendant, | ) | |

## DISCOVERY ORDER

A discovery conference was held by telephone on February 8, 2005, pursuant to FRCP 16 and Local Rule 16.2(A).  The plaintiff appeared by David A. Kleczek of Kleczek Law Office and the defendant appeared by J. Stuart Garbutt of Meckler, Bulger & Tilson.  Deadlines were proposed and approved by the Court.

**WHEREFORE, IT IS ORDERED:**

1.    The deadline for amendment of pleadings is **November 1, 2005.**

2.    The deadline for joining additional parties is **November 1, 2005.**

3.    The plaintiff shall disclose experts and provide expert reports by **December 1, 2005.** Plaintiff shall make any such experts available for deposition by **February 1, 2006.**

4.    The defendant shall disclose experts and provide expert reports by **December 1, 2005.** Defendant shall make any such experts available for deposition by **February 1, 2006.**

5.    All discovery, including deposition of experts, is to be completed by **March 1, 2006.**

6.    The deadline for filing case dispositive motions shall be **May 1, 2006.**

7.    This matter is scheduled for a *final pretrial conference* before the undersigned on **August 31, 2006** at **2:30 p.m.**

8.    This matter is scheduled for *bench trial* before the undersigned beginning at **9:00 a.m., September 11, 2006.**  Case has a #2 setting.

ENTERED this __9th__ day of February, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF JUDGE

# EXHIBIT E

**TO CONAIR CORPORATION'S MOTION IN
LIMINE TO BAR TESTIMONY AND
DOCUMENTARY EVIDENCE OF
DR. DAVID FLETCHER, M.D.**

**Affidavit of David Fletcher, M.D.**

**E-FILED**
Monday, 22 May, 2006 04:17:32 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
#### Urbana Division

| | |
|---|---|
| **SHARON JACKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Case No. 04-2230** |
| | ) |
| **CONAIR CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

### AFFIDAVIT OF DAVID FLETCHER M.D.

DAVID FLETCHER, M.D., being first duly sworn, states under oath:

1.    I am Kenny Jacks treating physician and have been since June 24, 2003.

2.    Kenny Jacks was injured on May 29, 2003.

3.    I have attached a copy of an up to date curriculum vitae as Exhibit A. It represents my training, education, and current medical practice.

4.    I am familiar with the Family Medical Leave Act, and have provided certification for spouses of injured and ill persons, as well as the injured or ill persons themselves. I have been contacted by employers to provide second opinions as to Family Medical Leave Act certification.

5.    It is my opinion, to a reasonable degree of medical certainty, that Kenny Jacks was in a great deal of pain and suffering during the entire month of June, 2003. It is my opinion, to a reasonable degree of medical certainty, that Kenny Jacks required the full time care of his wife, Sharon Jacks from the date of Mr. Jacks' initial injury in May 2003 through the entire month of June 2003. If it had been requested of me, I would have provided appropriate certification and documentation in early June 2003 to Sharon Jacks employer for Family Medical Leave certification. Kenny Jacks had a serious medical condition in June 2003, requiring the full time care and treatment

Ex. 1

of his wife, Sharon Jacks.

6.       I base my opinion on a June 24, 2003 office visit and a June 6, 2003. The office visit

and MRI findings suggested L4-L5 disc herniation with right-sided radiculopathy symptoms. On the

June 24, 2003 visit, the patient, Mr. Kenny Jacks appeared to be in significant distress.

6.       The facts and opinions in this affidavit are based upon facts personally known to me.

Further Affiant sayeth not.

_____

**DAVID FLETCHER, M.D.**

Subscribed and sworn to before
me this _22_ day of _may_ , 2006.

_____
Notary Public

OFFICIAL SEAL
Wendy Jo Webber
Notary Public
Comm. #603651
State of Illinois
My Commission Expires May 13, 2008

**DAVID A. KLECZEK**
**KLECZEK LAW OFFICE**
**321 NE Madison Avenue**
**Peoria, Illinois 61603**
**Telephone: (309) 674-4141**
**Facsimile: (309) 674-4144**